**MADDOX v. WRIGHT et al.**

**Civ. A. No. 5102–48.**

United States District Court
District of Columbia.

March 8, 1951.

Luther Robinson Maddox, in pro. per., Marie Flynn Maddox, Washington, D. C., for plaintiff.

Nicholas J. Chase, Harry M. Rubin, Jr., Washington, D. C., for defendants.

KEECH, District Judge.

This is an action in which the original complaint charged a general conspiracy to deprive plaintiff of his property rights under a contract for legal services and conspiracy to breach said contract. The case is before the court on plaintiff's motion for judgment by default for failure to answer original and supplemental interrogatories, or, in the alternative, to compel defendants to make full, complete, and direct answer to such interrogatories.

Plaintiff is not entitled to judgment by default, as Rule 37(d), Federal Rules of Civil Procedure, 28 U.S.C.A., is not applicable to the facts of this case. Rule 37(d) provides, in part, that if a party wilfully fails to appear to have his deposition taken or fails to serve answers to interrogatories, the Court may enter a judgment by default against that party. Here there was no default on the part of the defendants since they submitted answers to the interrogatories served upon them, although they did not answer some of the individual

questions to plaintiff's satisfaction and objected to other questions. Rule 37(a), which provides that if a party refuses to answer any interrogatory the proponent of the question may apply to the court for an order compelling answer, is therefore applicable and should govern disposition of the motion.

Plaintiff served on the defendant Jacob George Wright (now deceased) 92 interrogatories and 38 supplemental interrogatories; on the defendant Young Jefferson Wright, 40 interrogatories and 34 supplemental interrogatories; on the defendant Edward L. Marthill, 47 interrogatories and 38 supplemental interrogatories. Although so numbered, there are up to half a dozen questions in many of the interrogatories, and, in addition, the interrogatories call for copies of innumerable documents. Many of the questions themselves are involved, argumentative, too general, repetitive, contain conclusions, or seek detailed explanations, minute evidentiary details, opinions, or matters which are privileged, immaterial, or irrelevant. In instances where part of the interrogatory is proper, the balance is so objectionable as to make the whole not susceptible of an answer. In other cases, the question is unduly burdensome, requiring the defendants to search through a mass of correspondence to obtain the information desired or obtain copies of letters which plaintiff himself wrote or received. Many of the questions propounded require essay-type answers, and if the matter be considered a proper subject of inquiry, plaintiff should have proceeded by deposition rather than by interrogatory.

█ This court is mindful of the broad purpose of the discovery procedure provided by the Federal Rules, to permit mutual knowledge before trial of all relevant facts gathered by both parties, that, to this end, either party may compel the other to disgorge whatever facts he has in his possession, and that the courts should interpret liberally the rules dealing with discovery. However, as stated by the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Various principles must be balanced against one another in determining whether or not an interrogatory is proper,[1] and Rule 33 recognizes that the court should protect a party from improper use of interrogatories.

█ A reading of all the interrogatories propounded by plaintiff to the three defendants makes it clear that plaintiff herein is not attempting to compel a legitimate disclosure of relevant facts, or facts which may lead to relevant facts, but is seeking to harass, embarrass, and annoy the defendants, and to promote further litigation. In fact, plaintiff has used the answers to certain interrogatories and copy of a letter attached to one of the answers as the basis of six counts of his amended complaint, in which he charges the defendants with libel and slander.

█ This court has considered carefully each of the answers to which plaintiff objects, as well as all the other interrogatories and answers. While it is true that, if one reads an isolated question and answer, the answer may appear incomplete, evasive, or not responsive, it is apparent from a reading of the interrogatories and answers as a whole that the defendants made a conscientious endeavor to understand the questions and to answer fully such questions as were proper, and in some cases gave plaintiff more of an answer than he was entitled to receive.

██ As to the failure of the defendants to attach copies of each and all of the documents requested by plaintiff, this court holds that where a party, by interrogatory, seeks to obtain copies of documents which he should more properly request under Rule 34, the same showing of necessity therefor must be made as is required under Rule 34. Plaintiff has been furnished some of the copies requested, and has made no showing of the necessity for production of the remaining copies he desires.

The court holds that the defendants have made sufficient answer to the interrogator-

---

1. See Porter v. Montaldo's, D.C., 71 F.Supp. 372, for a summary of principles applicable and cases thereon.

ies in the form in which they were put, and that they should not be required to make further answer. The court also holds that defendants are not required to furnish the remaining copies of documents requested in the interrogatories.

Counsel will prepare an appropriate order denying plaintiff's motion.