## HESCH v. ERIE R. CO.
### Civ. No. 28738.

United States District Court
N. D. Ohio.
June 2, 1952.

Edward L. Williams, Youngstown, Ohio, for plaintiff.

Manchester, Bennett, Powers & Ullman, John H. Ranz, Youngstown, Ohio, for defendant.

JONES, Chief Judge.

This is an action under the Federal Employers' Liability Act, Title 45, U.S.C.A. §§ 51–60. Defendant has filed objections to plaintiff's interrogatories 14, 15 and 21.

■ The challenged interrogatories go to proper matters of discovery and should be answered. The request for documents in connection with the interrogatories raises a more serious problem, however.

■ While this court ordinarily will not order the production of documents in connection with interrogatories served under Rule 33, in the present case there has been some showing of the good cause required by Rule 34. Much of the information concerning this lawsuit is within the exclusive knowledge of the defendant. It alone had an opportunity to take statements of the witnesses at the time of the accident and the testimony of the injured employee has been lost by his death. Under these circumstances, I think that the Administratrix is entitled to the statements of the witnesses.

■ Respecting written notice to defendant, if any, as to the number of cars which could be placed on the siding, it also would be in the possession of defendant, and it appears doubtful that it can be obtained from any other source.

■ The discovery proceedings will be facilitated by ordering production presently without requiring the filing of a new motion under Rule 34. Defendant need only produce the requested documents for inspection and copying, however. If plaintiff desires copies, she must make them at her own expense.

Objections overruled.