**WEBSTER MOTOR CAR COMPANY, et al.,**
v.
**PACKARD MOTOR CAR COMPANY.**
Civ. A. No. 674–53.

United States District Court
District of Columbia.
Nov. 4, 1954.

William E. Leahy, Washington, D. C., for plaintiffs.

Robert W. Barker, Washington, D. C., and Harold L. Smith, New York City, for defendant.

HOLTZOFF, District Judge.

The Court has had occasion to review some of the principles governing interrogatories in the case of Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635. It is the view of this Court that insofar as the interrogatories in this case are concerned, the following principles are applicable.

█ An interrogatory may inquire concerning any factual matter that is germane to any of the issues of the action. It need not be limited to eliciting evidence that may be admissible at the trial, but it may extend to information that is germane and that may possibly lead to the discovery of admissible evidence. It may relate to circumstantial evidence.

The fact that an interrogatory may inquire into the case of the adverse party is no objection. The scope of the interrogatories may be as wide as the scope of the depositions. This is specifically indicated by Rule 33 of the Federal Rules of Civil Procedure, 28 U.S. C.A.

█ It is proper to inquire as to the defendant's understanding of a particular document, or as to the defendant's contentions, or as to the defendant's mental operations, if they are germane to the issues of the action.

█ Matters of opinion, or questions of law, may not be inquired into; but this principle does not mean that it is improper to inquire as to the contentions of an opposing party, or as to his mental operations in respect to a relevant issue.

█ On the other hand, an interrogatory must be specific in order that it need not be necessary for the party that is being examined to exercise discretion or judgment in determining what is intended to be covered by the interrogatory.

█ Interrogatories may not require the party being examined to make inquiries or investigations of persons not connected with its own organization, or into files belonging to other persons or organizations.

█ █ The existence of specific documents may be inquired into; but a party may not be required by an interrogatory to attach a copy of a document. This relief may be obtained only by a motion for discovery and inspection under Rule 34. The Court recognizes that there is a difference of opinion among the decisions on this point. But Rule 34, which relates to discovery and inspection, contains certain limitations on this relief. To permit it to be granted without these limitations by interrogatories would defeat Rule 34.

█ An interrogatory may not inquire into the activities of persons other than officers or employees of the party being examined, except such activities as are participated in by the party under examination. Nor may questions be di-

rected which would require the searching of the records of other persons, that is, persons other than the examined party itself, its officers or employees.

It seems to the Court that these principles can be used as a guide in determining which of the interrogatories in this case are proper and which are objectionable. The parties may either agree between themselves or they may submit proposed orders sustaining or overruling objections to proposed interrogatories, on the basis of the principles indicated; and if any disagreement should arise as to specific interrogatories, it can be resolved in connection with the submission of the orders.