Mary E. MENGLE, Administratrix of the
Estate of Bright Earl Mengle,
Deceased,

v.

Catherine L. TUCKER, Individually and
trading as Bernard Tucker's Sons.

Civ. A. No. 17305.

United States District Court
E. D. Pennsylvania.

Sept. 19, 1957.

Freedman, Landy & Lorry, Marshall J. Seidman, Philadelphia, Pa., for plaintiff.

Beechwood & Lovitt, George E. Beechwood, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

On December 24, 1954 plaintiff filed a set of interrogatories which the defendant answered. Subsequently plaintiff took depositions and filed requests for admissions to which defendant responded. Plaintiff's discovery had apparently been completed. Neither at the preliminary call of the trial list nor when the case was reached for trial did the plaintiff request any postponement or indicate the need for any further discovery. The trial of the case began on June 3, 1957 and continued to June 5 when, for reasons not here pertinent, a mistrial was declared. A month later, on July 5, the plaintiff filed a second set of interrogatories, extensive in character. Defendant, on August 8, 1957, filed a motion to strike in its entirety the plaintiff's second set of interrogatories. Hearing on the motion was fixed for September 17, 1957 and hearing thereon was had. At the time of hearing plaintiff orally moved for denial of defendant's motion on the ground that the motion had not been filed within ten days as provided by Fed. Rules Civ.Proc. Rule 33, 28 U.S.C.A. Plaintiff also moved orally to compel defendant to answer every interrogatory in the plaintiff's second set. The case is again on the trial list in a favorable position to be reached for early trial.

Defendant's motion to strike, though not denominated as "objections" to interrogatories, was intended so to serve and will be so treated. The failure of defendant to serve objections to this set of interrogatories within ten days as required by Rule 33 constitutes a waiver by the defendant of the objections. Bohlin v. Brass Rail, Inc., D.C., 20 F.R.D. 224.

The plaintiff's oral motion, under Rule 37(a) to compel defendant to

answer each of the forty-five interrogatories is opposed by defendant upon the ground that the order sought would unjustly annoy and oppress the defendant by obliging her, in part, to answer, repetitiously, interrogatories previously answered or to supply, repetitiously, information already furnished the plaintiff through defendant's deposition and admissions. The court is not persuaded of the merit of plaintiff's contention that answers to all of the interrogatories are essential to enable the plaintiff to prepare the case for trial. In the former trial which was concluded only three months ago by declaration of a mistrial, all the evidence had been submitted except that relating to the issue of limitation of liability which evidence had been submitted only in part. Plaintiff's failure to seek further discovery earlier by filing this set of interrogatories prior to the former trial indicates that plaintiff did not seriously believe further discovery was necessary nor is the court convinced of the plaintiff's good faith in attempting now to require the defendant to answer each of the present interrogatories. From examination of the first set of interrogatories, the answers thereto, the defendant's deposition, the requests for admissions and answers thereto and the evidence taken at the earlier trial before us we are convinced that the interests of justice do not require the defendant to reply to those interrogatories which relate to issues other than that of limitation of liability and that to compel the defendant to do so would be to annoy and oppress her unjustly.

### Order

Now, September 19, 1957, defendant's motion to strike plaintiff's second set of interrogatories is denied. The plaintiff's oral motion to compel defendant to answer each interrogatory is granted only as to those interrogatories which relate to the issue of limitation of liability and is denied as to those interrogatories which relate wholly to other issues.