FERNANDO SIERRA BERDECÍA, SECRETARY OF LABOR OF PUERTO RICO, in representation and for the benefit of laborer FEDERICO AYALA, ETC., Petitioner *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, HON. LUIS PEREYÓ, JUDGE, Respondent.

No. 2309. Resubmitted February 13, 1959.—Decided September 10, 1959.

*Domingo Candelario* and *Guillermo Estrella Frasqueri* for petitioner.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

Pursuant to the special proceeding for the claim of wages provided by Act No. 10 of 1917, 32 L.P.R.A. § § 3101 to 3117, the Secretary of Labor filed a complaint against employer Salvador Rocafort, in representation and for the benefit of 16 workmen. He alleged that under Mandatory Decree No. 14 of Minimum Wage, Rocafort owed them $2,104.15 for salaries and vacations, plus a similar amount as penalty or compensation for damages. He further specified the wages earned, the periods of work, and the amounts owed to each workman for wages and vacations left unpaid by the employer.

Defendant filed an answer denying the essential facts of the complaint and at the same time served an interrogatory on the workmen "so that each one of you will proceed to answer it under oath and within a period of 15 days, all in accordance with the provisions of Rule 33 of the Rules of Civil Procedure." The questions submitted in said interrogatory were the following:

"1.—State the exact date on which you began to work for the defendant and the date on which you finished your job, the kind of job you had, and your wages.

2.—State whether you have authorized plaintiff Fernando Sierra Berdecía, in writing or verbally, to represent you in the present action.

3.—State whether you have signed any document for the defendant in relation to this claim or to your job with him.

4.—State whether you have given any affidavits to plaintiff Fernando Sierra Berdecía in relation to this case and if so, where these depositions may be found and have them placed at the disposal of the defendant.

5.—State whether you have any interest in this matter or whether you have authorized the filing of this action against the defendant and consented to have this action filed in your name and representation.

6.—State the home address of each and every one of you."

Seven days later the Secretary of Labor filed in the Superior Court, Humacao Part, a motion of opposition against the interrogatory on the following grounds: (1) "that the plaintiff in this case is the Secretary of Labor and not the workmen he represents, for which reason said interrogatory does not lie"; and (2) "that even assuming that it were proper in this case to serve an interrogatory on the workmen concerned, the questions set up therein are contrary to law and [neither] the workmen nor plaintiff would be compelled to answer them." The lower court overruled the objections and ordered that the entire interrogatory be answered. We issued the writ of certiorari requested by plaintiff to review that ruling and to determine two problems which, barely stated, may be phrased thus: (1) Are the rules of procedure providing for written interrogatories applicable to the parties in a suit brought under the special proceeding of the claim for wages?; and (2) if so, are the questions posed by the defendant under Rule 33 of the Rules of Civil Procedure valid and lawful?

I

 To decide the first question presented, we must bear in mind the general standard established by § 2 of Act No. 10 of 1917, as amended by Act No. 182 of 1948. Sess. Laws, p. 470. To wit: "In all cases prosecuted under this Act, the Rules of Civil Procedure shall be applied insofar as they are not in conflict with the specific provisions hereof." 32 L.P.R.A. § 3103. Petitioner does not point out any *specific provision* of the special proceeding as to claim of wages incompatible or in conflict with Rule 33, referring to interrogatories which may be served in writing to an adverse party. As a matter of fact, a slight examination of said

Act No. 10 of 1917 will show that there is no incompatibility between its provisions and the deposition-discovery procedure established by Rule 33, which now corresponds to Rule 30 of the Rules of Civil Procedure of 1958. However, petitioner claims that to serve written interrogatories to the parties would destroy the "speedy and brief" character of the proceeding on claims for services rendered. We believe that this contention is devoid of merits.

Experience shows that a liberal system of pre-trial deposition-discovery facilitates the prosecution of suits and avoids inconveniences, surprises, and injustices that arise when the parties ignore until the day of the trial the questions and facts which truly constitute the object of the litigation. As it is well known, in the modern civil procedure it is accepted that the pleadings have only one mission: to show in a general way which are the claims and defenses of the parties. It is necessary to resort to the proceedings of discovery of evidence and taking of depositions prior to the trial in order to determine exactly which are the real issues in controversy and clarify which are the facts to be proved at the trial. It is not surprising then that all matters, facts or questions relevant to the litigation be considered within the scope of discovery, unless dealing with privileged matter. To that end it is a topic to point out that various procedures may be used: the taking of depositions by means of oral examination or written interrogatory of any person (party or witness), inspection of any document or thing, physical or mental examination of a party, to require admissions on the veracity of facts or genuineness of documents, to compel any adverse party to answer written interrogatories, etc. See Rules 26–37 of the Rules of Civil Procedure of 1943, 32 L.P.R.A. App. R. 26–37; Rules 23–34 of the Rules of Civil Procedure of 1958, 32 L.P.R.A. (Cum. Supp. 1958) R. 23–34.

However, no one doubts that the most inexpensive, simple, and speedy method to discover evidence is precisely

the written interrogatory which can be served on the parties in accordance with Rule 30 of the Rules of Civil Procedure of 1958.[1] The investigation covers a very wide area: all relevant matters of non-privileged character. See *Shell Co. v. District Court*, 73 P.R.R. 413 (1952); *Long Corporation v. District Court*, 72 P.R.R. 31 (1951); *Peña v. Heirs of Blondet*, 72 P.R.R. 8 (1951); and *Water Resources Authority v. District Court*, 66 P.R.R. 796 (1947). Nevertheless, the trial court has the power to limit the use of those interrogatories when it deems it advisable in furtherance of justice. There is a favorable presumption in favor of the interrogatories, but this does not mean that they may be rejected or limited if they become oppressive, onerous or unjust. To this respect, the trial judge has a peculiar and specific mission to discharge in the prosecution of the suit, which characterizes his whole function: to interpret and apply the rules on discovery of evidence so as to guarantee a just, speedy, and inexpensive solution to the litigation. See

---

[1] The former Rule 33 read thus: "Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or body politic, by any officer thereof competent to testify in its behalf. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the delivery of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Objections to any interrogatories may be presented to the court within 10 days after service thereof, with notice as in case of a motion; and answers shall be deferred until the objections are determined, which shall be at as early a time as is practicable. No party may, without leave of court, serve more than one set of interrogatories to be answered by the same party."

Today Rule 30 in force provides the following:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that, if service is made by the plaintiff within 10 days after such commencement,

*Heirs of Guerra* v. *Sánchez,* 71 P.R.R. 756 (1950). It is thus made clear—and justified also—that the rules grant him ample powers to make any order which "justice requires" to protect the parties or witnesses from any interrogatory or deposition that may cause "annoyance, unnecessary expenses, embarrassment, or oppression." Rules 27.2 of the Rules of Civil Procedure of 1958 and 30 (*b*) of the Rules of Civil Procedure of 1943. 32 L.P.R.A. Cum. Supp. 1958, R. 27.2 and 30 (*b*).

Yet we do not attempt to conceal the difficulties that happen to arise in practice. The courts have often had to face attempts of abuse of discovery of evidence and taking of depositions. For example: in lawsuits involving claims of wages filed in federal courts, defendant employers have required hundreds or thousands of plaintiff employees to answer questions as to their shifts and hours of work, time of employment, earned compensation, specific jobs performed day by day for years, etc. Since the workmen concerned are

leave of court granted with or without notice must be obtained. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within 10 days after service of interrogatories a party may serve objections thereto. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.

"Interrogatories may relate to any matters which can be inquired into under Rule 23.2, and the answers may be used to the same extent as provided in Rule 23.4 for the use of the deposition of a party. Interrogatories may require, as part of or attached to the answers, a list of the witnesses which the party interrogated proposes to use at the trial, or copies of any statements regarding the action previously made by the interrogating party, or copies of all papers, books, accounts, letters, or photographs not privileged and which are relevant to the responses required, unless opportunity is given to examine and copy them. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order

poorly educated persons, who kept no records, and whose jobs had shifted frequently, the burden caused by such interrogatories was considerable. If to this we add that defendants in those cases had on their records all the information required from the workmen, or could have easily obtained it by properly investigating a few selected employees (as index or test applicable to all the others), it is easy to conclude that such interrogatories were improperly and oppressively used. See Speck, *The Use of Discovery in United States District Courts*, 60 Yale L. J. 1132 (1951). *Cf. Tactical Use and Abuse of Depositions Under the Federal Rules*, 59 Yale L. J. 117 (1949). Nevertheless, it would be a radical error to try to solve this problem by falling back on the old procedural system which required the pleadings with all the particulars of the litigation and to go blindly to wage suit trials.[2] The only solution is to recognize and apply with a firm and skilful hand, the ample discretion the rules grant to the trial courts as to the scope and use of interrogatories

---

as justice may require. The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, unnecessary expenses, embarrassment, or oppression. The provisions of Rule 27.2 are applicable for the protection of the party from whom answers to interrogatories are sought under this rule."

As Rule 30 refers to the steps or procedure to be followed in the action, without affecting the material right, it is retroactive and applies to all pending actions since its effectiveness. Hence, our decision in this case is governed not by the old rule already repealed (Rule 33), but by the new Rule in force (Rule 30). See *Fuentes* v. *Sec. of the Treasury*, 80 P.R.R. 198 (1958); *Zayas* v. *Molina*, 50 P.R.R. 619 (1936); *López* v. *American Railroad Co.*, 50 P.R.R. 1 (1936), and *Ojeda* v. *Gavilán*, 46 P.R.R. 386 (1934). *Cf.* I-1 Puig Peña, *Tratado de Derecho Civil* 435–443 (1957).

[2] *Cf. Discovery Practice in States Adopting the Federal Rules of Civil Procedure*, 68 Harv. L. Rev. 673 (1955); Millar, Civil Procedure of the Trial Court in Historical Perspective 201–228 (1952); 4 Moore, Federal Practice 1019–29 (2d ed.); Vanderbilt, Minimum Standards of Judicial Administration 221–36 (1949); and Vanderbilt, *Improving the Administration of Justice—Two Decades of Development*, 26 U. Cinc. L. Rev. 155, 234–252 (1957).

and depositions. We repeat, the rules do not reduce the functions of the judges to mechanical and automatic terms. On the contrary: "There is nothing mandatory about the discovery provisions . . . the purpose and intent is evident throughout to leave their application to the discretion . . . [governed] not only by statutory enactments and the well established rules of the common law, but also by considerations of policy and of necessity, propriety and expediency in the particular case at hand." *United States* v. *Kohler Co.*, 9 F.R.D. 289 (E.D. Pa. 1949). As the court should weigh or evaluate the whole of the concrete circumstances of fact that are presented, its task shall often become difficult and delicate. But this is no argument against the application of Rule 30 to wage suits. It only means that the trial judges should be more alert as to the problems of possible abuses of interrogatories in wage suits and to the correlative exercise of their ample powers to avoid it. Moore, *op. cit. supra* at 1017–18.

█ █ In brief, the essential goal of the proceeding established by Act No. 10 of 1917, as amended, is to hasten the settlement and decision of wage suits in every possible way. Already in 1948 our Legislative Assembly stated that, in accordance with that purpose, the Rules of Civil Procedure should be applied to those suits. It only made one exception: if any of said rules is in conflict with a *specific provision* of the aforecited Act, it shall not be applied to the special proceeding. For that reason, in *Sierra, Sec. of Labor* v. *Bird*, 78 P.R.R. 161 (1955), we held that Rules 12 (*b*) (6), 43 (*e*), and 56 of the Rules of Civil Procedure of 1943 allowing the introduction of documentary and even oral evidence in support of a motion to dismiss or a motion for summary judgment are applicable in all cases prosecuted under the special proceeding of claim for wages. Likewise, in *Cáceres* v. *García*, 71 P.R.R. 378 (1950), we stated that the provisions of Rule 52 compelling the trial court to state its

findings of fact and to set forth separately its conclusions of law, apply to proceedings of this nature. Undoubtedly, there still exist several specific provisions of Act No. 10 of 1917, as amended, which differ from the ordinary proceeding. For example: (1) The judge or secretary of the court wherein the case shall be heard, is authorized to make out the complaint filed by the workman. *Jaume* v. *District Court*, 61 P.R.R. 163 (1942); (2) The defense of counterclaim can not be raised against a workman plaintiff. *Melgar* v. *Puerto Rico Auto Corp.*, 76 P.R.R. 403 (1954); (3) A trial court is bound to decide any question of law before the evidence is presented. *Pagán* v. *District Court*, 75 P.R.R. 340 (1953). But there is no reason for believing that the provisions of Rule 30, on written interrogatories served to the parties before trial, are incompatible with the purpose to produce a speedy, simple, and informal proceeding in wage suits, without hindering the substantial rights of the parties. On the contrary, as we have previously stated, they supply a prompt and just disposition of wage suits. If moderately applied, they facilitate evidence and information as to essential facts and matters in a simple and inexpensive way. Furthermore, they hasten the prosecution of trials and contribute to a better administration of justice.[3]

For the reasons stated we decide that in the suits for claims for wages prosecuted under Act No. 10 of 1917, the procedural standards established in Rule 30 of the Rules of Civil Procedure of 1958 [4] are applicable.

[3] See Vanderbilt, *Improving the Administration of Justice—Two Decades of Development*, 26 U. Cinc. L. Rev. 155, 234–252 (1957); 4 Moore, Fed. Practice (2d ed.) 1012–1918, 2257–2346; and 2 Barron & Holtzoff, Federal Practice and Procedure, §§ 641–837.

[4] Although it is not revealed by the published opinion, the action involved in *Shell Co.* v. *District Court, supra,* dealt with a wage suit prosecuted under Act No. 10 of 1917, as amended. There we assumed that Rule 33 of the Rules of Civil Procedure was applicable to the case, but actually the question was neither raised nor expressly decided by this Court.

## II

■ There still remains the question of whether the interrogatory served by the defendant to each workman represented by the Secretary of Labor is valid and proper. Before examining the questions and objections one by one, it seems advisable to point out an essential fact: the Secretary of Labor appeared in court as plaintiff in this litigation "in representation and for the benefit" of the 16 workmen mentioned in the complaint. His power to act in their behalf issued from § 25 of the Minimum Wage Act of 1941, as amended. 29 L.P.R.A. § 236. It said: "In connection with the enforcement of this chapter or of any mandatory decree, the Secretary of Labor may demand on his own initiative or at the instance of one or more laborers or employees having an interest in the matter, and in representation and for the benefit of one or more thereof who are in similar position, payment of any sum owed to them for the wages, additional penalty, costs, expenses, and attorney's fees. . . ." The language used in § 30 (f) of the Minimum Wage Act as now drafted is identical. Therefore, there is no need for any authorization or consent from the workmen who could profit if the suit succeeded. The validity of the representation assumed by the Secretary of Labor relies solely on a statutory provision, the appearance of the persons for whose benefit the claim is made, being unnecessary. Furthermore: if the claim filed by the Secretary of Labor on behalf of a workman is meritorious, it should be sustained even if the workman appears at the trial as a witness of the defendant employer and there declares (1) that his employer does not owe him anything, and (2) that he never authorized the Secretary to include him as a claimant in the case. *Cf. Commissioner of Labor* v. *Román,* 73 P.R.R. 294, 297 (1952).

This means that our Minimum Wage Act confers full authority and control to the Secretary of Labor on the inci-

dents and aspects of the litigation, from its commencement until the final judgment is rendered. It is true that the suit can prove beneficial to the workmen. However, as to the procedural steps to follow, the only adverse party is the Secretary of Labor, who by operation of law appears in court as plaintiff to claim what the employer owes. This situation is an inevitable result of the public policy governing matters of wages. We are not simply trying to protect the individual rights that the workmen may have under that social legislation. The main thing is to guarantee the public interest in the compliance with the minimum wage standards and other working conditions necessary for the economy and the general welfare. See 29 L.P.R.A. § 211 and 29 L.P.R.A., Cum. Suppl. 1958, § 245. Therefore, the 16 workmen in the case at bar cannot be considered as "adverse parties" to the defendant in the action brought by the Secretary to recover the payment of the compensation owed to them for minimum wages, vacations, and liquidated damages.

The federal courts have reached an identical conclusion, applying the provisions of § 16 (c) of the Fair Labor Standards Act, which authorizes the Secretary of Labor of the United States to appear in court as plaintiff in a litigation for the benefit of the workmen to whom the employer owes compensation for minimum wages and extra hours 26 U.S.C. 216 (c). See, among others, Mitchell v. Tampa Cigar Co., Inc., 36 Labor Cases (C.C.H.) § 65,198 (1959); Mitchell v. Richey, 164 F. Supp. 419 (W.D.S.C., 1958), Mitchell v. Floyd Pappin & Son, Inc., 27 Labor Cases (C.C.H.) § 69,045 (1955); and Tobin v. Wilson, 19 Labor Cases (C.C.H.) § 66,307 (1951). This is the established doctrine, even if the above-cited § 16 (c) contains certain limitations not included in our law. First, it demands the workmen to present a written request for the Secretary of Labor to exercise his authority. Second, it does not allow the Secretary to bring a suit when it raises a question of law that has not been

definitely adjudged by the courts. *Third*, the employer is only responsible for the unpaid compensation for minimum wages and extra hours, not including any amount for liquidated damages or attorney's fees. *Fourth*, upon requesting the Secretary of Labor to exercise his authority to sue under § 16(c), the workmen usually waive their right to file suit personally against the employer under § 16(b). See 3 C.C.H. Labor Law Reporter, 4th ed., § § 25,901–25,970.

▆▆▆ Now, in accordance with the provisions of the aforesaid Rule 33 and Rule 30 in force, interrogatories cannot be served upon a person who is not a party to the action, or upon a party who is not "adverse."[5] Since the Secretary of Labor is the only adverse party in this case, due to the power of representation granted by law, it is not incumbent on the workmen to answer the interrogatory. They appear only as *represented* or *beneficiaries* in the action brought by the Secretary of Labor in their name; for which reason, if the questions made are proper, it is up to him to answer them and no one else. *Cf. Peña* v. *Heirs of Blondet*, 72 P.R.R. 10–11 (1951); *Flemming* v. *Goodwin*, 165 F.2d 334 (8th Cir. 1948); *Metropolitan Life Ins. Co.* v. *Carr*, 169 F. Supp. 377 (D. Md. 1959); 4 Moore, *op. cit.*, § 3307. As can be

---

[5] See 4 Moore, *op cit.*, § 33.06; *Kestner* v. *Reading Co.*, 21 F.R.D. 303 (E.D. Pa. 1957); *Security Mut. Cas. Co.* v. *Rich*, 20 F.R.D. 112 (W.D. Pa. 1956); *M. V. M. Inc.* v. *St. Paul Fire and Marine Ins. Co.*, 20 F.R.D. 296 (S.D.N.Y. 1957); and 71 Harv. L. Rev. 734 (1958). In New Jersey the "adverse" party requisite has been eliminated. This way, discovery by written interrogatories becomes easier, without having to resort to the taking of depositions. N.J. Rules 4: 23–1; *Discovery Practice in States Adopting the Federal Rules of Civil Procedure*, 68 Harv. L. Rev. 673, 676 (1955).

It should be noted that those limitations of Rule 30 are not applicable to the depositions, neither by oral examinations (Rule 27) nor by written interrogatories (Rule 28). As to said pre-trial depositions, it is explicitly provided that: "Any party may take the testimony *of any person, including a party*, by deposition upon oral examination or written interrogatories. . . ." (Italics ours.) Rule No. 23.1 of the Rules of Civil Procedure, 32 L.P.R.A. Cum. Supp. 1958, App. R. 23.1. *Cf. Smith* v. *Morrison Knudsen Co.*, 22 F.R.D. 108 (S.D.N.Y. 1958) and 4 Moore, *op. cit.*, § 26.07.

seen, defendant erred in requiring each workman to answer the interrogatory, personally and individually. But this is only a mere error of form which should have been corrected by an order of the trial court. A new notice of the interrogatory was not even necessary, because in this case the summons was made through the attorneys of the Department of Labor. Furthermore, as it always happens when a person files a complaint on behalf of another whom he has the right to represent at the trial, the Secretary of Labor cannot limit his answers to the personal knowledge of the facts and questions contained in the interrogatory. He has to make all the necessary inquiries and investigations to answer the questions which are properly made. If he cannot furnish the information sought, he may so state under oath in the answer. But he shall have to set forth the efforts and steps taken to obtain said information, in order to allege it was out of reach.[6]

Now we are in a position where we can decide the last aspect of the case. Is the interrogatory served by defendant according to law? It consists of the six questions copied above. Originally, the only objection which the Secretary of Labor set forth in writing to the defendant was of a general character; to wit, "the questions set up are illegal and [neither] the workmen nor plaintiff would be compelled to answer them." Needless to say, this objection standing alone is insufficient. To challenge interrogatories the objections must be precise and specific, since (1) the court has to decide whether the objections are valid after comparing them with the interrogatories, and (2) the burden of persuasion as to the validity of the objections is on the

---

[6] *Cf. U.S.* v. *42 Jars, More or Less, of Bee Royale Capsules,* 1 F.R. Serv. 2d 33.325 (3d Cir. 1959); *Erone Corp.* v. *Skouras Theatres Corp.,* 22 F.R.D. 494 (S.D.N.Y. 1958); *Cleminshaw* v. *Beech Aircraft Corp.,* 21 F.R.D. 300 (D. Del. 1957); *Security Mut. Casualty Co.* v. *Rich,* 20 F.R.D. 112 (W.D. Pa. 1956); *Siegel* v. *Yates,* 11 F.R.D. 129 (S.D.N.Y. 1951); 4 Moore, *op. cit.,* §§ 33.07, 33.20 and 33.26; and 2 Barron and Holtzoff, Federal Practice and Procedure (rules edition), §§ 768 and 774.

objecting party.[7] Besides, according to Rule 30, written objections must be served within 10 days after service of the interrogatories. Hence, when a party fails to serve objections in the manner and within the aforesaid period, it is understood that he has waived the right to object to them thereafter. But the trial court always retains discretion to relieve the interrogated party from the effects of an implied waiver, if he can prove that in all truth his conduct was due to an error, or excusable inadvertence or neglect.[8] Here, the Superior Court, during the hearing for the "Motion of Opposition to Interrogatory," allowed the Secretary of Labor to file other specific objections against the interrogatory of the

---

[7] Of course, the necessary specification is a matter of degree. But the following objections, among others, are not sufficiently specific: that the interrogatories are unreasonable, oppressive, and burdensome; that they require the party to make a research and compile data of irrelevant matter; that they seek information which is as easily available to the interrogating party as to the objecting party; etc. See *Erone Corp.* v. *Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y. 1958); *Commercial Union* v. *N. Y. and Cuba Mail S.S. Co.*, 24 F.R. Serv. 33.514 (S.D.N.Y. 1957); *Kensington Village, Inc.* v. *Mengel Co.*, 14 F.R.D. 187 (S.D.N.Y. 1953; *Pappas* v. *Loew's Inc.*, 13 F.R.D. 471 (M.D. Pa. 1953); *Caldwell-Clements, Inc.* v. *McGraw-Hill Publ. Co.*, 12 F.R.D. 531 (S.D.N.Y. 1952); *Hoffman* v. *Wilson Lines, Inc.*, 7 F.R.D. 73 (E.D. Pa. 1946); and *Bowles* v. *Safeway Stores, Inc.*, 4 F.R.D. 469 (W.D. Mo. 1945). *Cf.* 4 Moore, *op. cit.*, § 33.27.

[8] See *Cleminshaw* v. *Beech Aircraft Corp.*, 21 F.R.D. 300 (D. Del. 1957); *International Fertilizer & Chemical Corp.* v. *Lloyd Brasileiro*, 21 F.R.D. 193 (S.D.N.Y. 1957); *Bohlin* v. *Brass Rail, Inc.*, 20 F.R.D. 224 (S.D.N.Y. 1957); *Cary* v. *Hardy*, 1 F.R.D. 355 (E.D. Tenn. 1940). Some courts accept a categorical exception to the waiver rule: "matters which fall outside the arena of pre-trial discovery," as privileged matter and the work product of the lawyer according to the rule in *Hickman* v. *Taylor*, 329 U.S. 495. This exception obviously weakens the sanction necessary to compel full compliance with the provisions of Rule 30. Other courts have established the doctrine of the nonexistence of a categorical exception to the waiver rule, but that if an issue is "evidently outside the arena of preliminary inquiry," it is up to the trial judge's discretion to determine if the Rule on implied waiver should be applied. A third doctrine completely discards the exception concerning matters which are clearly out of reach of discovery. We shall not anticipate a judgment on this problem. *Cf. Mengle* v. *Tucker*, 21 F.R.D. 187 (E.D. Pa. 1957), 72 Harv. L. Rev. 560 (1959); and Rosenberg, *Sanctions to Effectuate Pretrial Discovery*, 58 Colum. L. Rev. 480 (1958).

defendant. And after hearing him it overruled them. Evidently, the lower court relieved plaintiff from his waiver and it should be presumed it had just cause in so doing. There is nothing in the records to prove the contrary. Therefore, in the present case we should consider the specific objections of the Secretary of Labor. Briefly stated, they are as follows: (1) that the first question "has already been answered under the column entitled 'Date of the Payroll' in Exhibit A, which was attached and made part of the complaint"; (2) that the second and fifth questions have the purpose "of disclosing whether the claimant workmen have authorized the Secretary of Labor to establish judicial action, and [it] has already been decided that said authorization is unnecessary"; (3) that the third question "is devoid of merits because it is immaterial whether or not the claimant workmen have signed any documents for the defendant in relation to the claim, because to establish each claim it is unnecessary for the documents to be signed"; and (4) that the affidavits referred to in the fourth question are a part "of the private and highly confidential administrative record of the case, and the Secretary of Labor would not be compelled to show said record to the defendant."

On appeal or review, our function is limited to deciding whether the Superior Court abused its discretion in rejecting those objections and ordering all the questions in the interrogatory to be answered. It is not up to us to determine the propriety of discovery as if we were a court of first instance. Although it is not beyond the ambit of review, unless it is shown that the lower court lacks a reasonable ground or hinders the substantial rights of a party, the judgment of the trial judge who presided the proceeding should prevail.[9] On the other hand, the inquiry of data or

---

[9] See *Shell Co.* v. *District Court*, 73 P.R.R. 413 (1952); *Tiedman* v. *American Pigment Corp.*, 253 F.2d 803 (4th Cir. 1958); *Newell* v. *Phillips Petroleum Co.*, 144 F.2d 338 (10th Cir. 1944); Barron and Holtzoff, *op. cit.*, § 803; and 4 Moore, *op. cit.*, § 33.27.

evidence by means of written interrogatories to a party is extended to "any matter, not privileged, which is relevant to the subject matter involved in the pending action." 32 L.P.R.A. Cum. Supp. 1958, App. R. 23.2 and 30. The term "privileged" refers exclusively to those privileges recognized in the laws of evidence. *United States* v. *Reynolds*, 345 U.S. 1, 6 (1953). And the criterion of "relevancy" is very broad here. It includes all issues that can be possibly related to the subject matter of the action, even if they are not related to the specific controversies outlined in the pleadings.[10] Having taken note of those general standards, let us examine the six questions made by defendant and confront them with the corresponding objections.

▇▇▇ *Question No. 1:* Seeks information as to the duration of the job, the nature of the services and the compensation of each workman. The Secretary of Labor alleges that in the complaint (including its Exhibit A), he furnished the information required. We believe the order of the lower court compelling the answer of said question should be sustained. That conclusion is reached by applying what we said in *Shell Co.* v. *District Court, supra:* "Interrogatories . . . may be used not only to obtain information, but to procure admissions. . . . A party will sometimes deny facts in an

---

[10] The interrogatories refer to "relevant matter" when they call for information on the following particulars: (*a*) evidence admissible at the trial; (*b*) facts that can be used to discover admissible evidence; (*c*) data that aid in the development of the suit; (*d*) admissions that can limit the real issues in controversy between the parties; (*e*) data used to impeach the credibility of the witnesses; (*f*) facts used to cross-examine the witnesses of the adverse party; (*g*) names of the witnesses the interrogated party expects to use at the trial. This is not an exhaustive enumeration of what constitutes "relevant matter"; but it helps to illustrate the scope of the concept. Furthermore, any doubts as to the relevancy of the investigation should be decided in favor of the interrogating party. See *Shell Co.* v. *District Court, supra; Hickman* v. *Taylor,* 329 U.S. 495 (1947); *Engl.* v. *Aetna Life Ins. Co.,* 139 F.2d 469 (2d Cir. 1943); *Erone Corp.* v. *Skouras Theatres Corp.,* 22 F.R.D. 494 (S.D.N.Y. 1958); *Broadway & Ninety-Sixth St. Realty Co.* v. *Loew's Inc.,* 21 F.R.D. 347 (S.D.N.Y. 1958); 4 Moore, *op. cit.,* §§ 26.15–26.25 and 33.10–33.22.

answer which it may have to admit when it is pinned down with specific interrogatories. The plaintiff was therefore entitled to put interrogatories to the defendant as to his hours of work and pay even though the defendant claims to have incorporated the same information in its answer." (P. 430.) Of course, the rule cannot be different when it refers to facts alleged in the complaint, as in this case. Furthermore, no harm is caused the plaintiff by requiring him to answer the question. His answer would be so easy and simple that there cannot exist any possibility of annoyance or oppression. See *Baker* v. *Procter & Gamble*, 17 F.R. Serv. 30 b.352 (case No. 1) (S.D.N.Y. 1952) and *Treasure Imports, Inc.* v. *Henry Admur & Sons, Inc.*, 1 F.R. Serv. 36 a.22 (case No. 2) (S.D.N.Y. 1939). This does not mean that trial courts cannot occasionally disallow interrogatories on facts admitted in the pleadings. *Cf. O'Rourke* v. *R.K.O. Radio Corp.*, 27 Fed. Supp. 996 (D. Mass. 1939) and *Richards* v. *Maine Central Railroad*, 21 F.R.D. 595 (D. Maine 1957).

 *Questions Nos. 2 and 5:* Both inquire whether the workmen authorized the Secretary of Labor, in writing or verbally, to bring this action in their name and their representation. Defendant also wants to know if the workmen "have any interest in this matter." Plaintiff objects to these questions on the ground that they are irrelevant because it has already been decided that such authorization is unnecessary. What plaintiff truly alleges is that the defense of lack of authority or interest would be irrelevant, but this does not mean that the interrogatories have no bearing on the subject matter object of the action. As a matter of fact, the answers could reveal facts or make admissions on the circumstances surrounding the commencement of the action. These facts or admissions might probably be relevant to impeach the credibility of the witnesses at the trial, particularly in view of the possibility that the claimant workmen be called upon to testify. In any event, the answers

could help the defendant to determine if he should take depositions from the workmen involved in this action by means of an oral examination or written interrogatories. Interrogatories cannot be disallowed merely because the investigation refers to a claim or to a defense legally devoid of merits, if the inquiry is not idle or absurd and, on the contrary, it can prove beneficial for the interrogating party. See *Love* v. *Metropolitan Life Ins. Co.*, 8 F.R.D. 583 (D.D. Pa. 1948). And since we are not dealing here with onerous or oppressive interrogatories, it is impossible to say that the trial court abused its discretion in ordering questions 2 and 5 to be answered.

*Question No. 3:* Requires each workman to state if he signed any document *"for the defendant"* in relation to his claim or work. It is alleged that it is irrelevant because "to establish [the claim] [the workmen] are not required to sign such documents." This objection has no sense. It is crystal-clear that the defendant is trying to obtain an admission as to the existence and authenticity of a document related to the subject matter involved in the action. How can it be denied that the question is relevant? No attempt is made to decide, at this state of the prosecution, whether or not the defendant has a valid defense, on the basis of the contents of that document. The one suggested by plaintiff in objecting to the question is absurd. Neither would it be effective as a waiver or settlement of the claim. But it suffices if it can be used to cross-examine or eliminate the witnesses, if the claimants are called to testify at the trial, or to prove "admissions" of the workmen which the judge should consider together with the rest of the evidence. See *Independent Prod. Corp.* v. *Loew's Inc.*, 25 F.R. Serv. 26 b.31 (case No. 2) (S.D.N.Y. 1958); *McNear* v. *New York, Chicago & St. L.R. Co.*, 20 F.R.D. 598 (W.D. Pa. 1957); 4 Moore, *op. cit.*, § 26.16. If the document does not exist, the answer to the question shall be in the negative and this puts an end

to the issue. Hence, the order of the lower court as to question No. 3 is correct.

 *Question No. 4:* Inquires whether the workmen, at the request of the Secretary of Labor, have made affidavits on the case. If so, defendant also requests (1) the workmen to indicate where the affidavits are to be found, and (2) to make them available for him. The essential objection filed by plaintiff is as follows: "If the aforesaid affidavits exist, they would form a part of the administrative record of the case, which is private and highly confidential, and the Secretary of Labor would not be compelled to exhibit this record to the defendant." In other words, if in the course of the administrative investigation carried out by the officials of the Department of Labor, the workmen made affidavits and they form part of the official record of said investigation, resort is had to the privilege of not revealing to the defendant any information as to their existence or contents. The theory is this: that for the so-called "official record of the administrative investigation" there exists a standard of secrecy at least as wide as the one applied to the preliminary investigation made by the prosecuting attorney in a criminal case. *Cf. People* v. *Superior Court; Ramos, Int.* 80 P.R.R. 679 (1958) and the cases cited in n. 2. Is there any legal ground for plaintiff's contention? We decide against it. Only an inadequate use of equivocal words, which should therefore be used with great care, can extend to the administrative investigation in a wage suit the same *"secret and private character"* applied by operation of law to an investigation by the prosecuting attorney. Far from that, the Secretary of Labor appears in this action as plaintiff and he must comply with the discovery provisions of the Rules of Civil Procedure "regarding any matter, not privileged, which is relevant." Said provisions are applicable to the State in any civil suit where it may appear either as plaintiff or as defendant. See 4 Moore, *op. cit.* § § 26.05 and

26.25. It is clear that the government as well as private citizens may avail themselves of all the privileges established by the laws of evidence. But undoubtedly, in a civil suit neither the government nor the public officers have a general privilege to withhold information of an official character. They can call for special privileges, which are ordinarily out of reach to the private litigant, as: (1) communications made to a public officer in official confidence, when the public interest would suffer by the disclosure. Section 40 of the Law of Evidence, 32 L.P.R.A. § 1734; (2) secret information affecting the public safety of the state; (3) communications made to a grand jury either by a plaintiff or a witness; (4) information as to the identity of persons who have furnished evidence to discover a violation of law. See *United States* v. *Procter & Gamble Co.*, 356 U.S. 677 (1958); *Roviaro* v. *United States*, 353 U.S. 53 (1956); *United States* v. *Reynolds*, 345 U.S. 1 (1953); *Mitchell* v. *Roma*, 265 F.2d 633 (3d Cir. 1959); *Mitchell* v. *Bass*, 252 F.2d 513 (8th Cir. 1958); MacAsbill and Snell, *Scope of Discovery Against the United States*, 7 Vanderbilt L. Rev. 582 (1954); *Remedies Against the United States and Its Officials*, 70 Har. L. Rev. 827, 934–38 (1957); Berger and Krash, *Government Immunity From Discovery*, 59 Yale L.J. 1451 (1950); 4 Moore, *op. cit.* § § 26.06 and 26.25. Here there are no allegations or proofs warranting one of those special privileges as a ground to refuse to answer question No. 4.

 It should be noted that pursuant to Rule 30 in force, interrogatories may demand *"copies"* of all papers, books, accounts, letters, or photographs not privileged and which are relevant to the responses required, unless opportunity is given to examine and copy them." (Italics ours.) Hence, the former Rule 33 was modified in order to settle what constituted an irreconcilable conflict between judicial decisions. In effect, the federal courts were never able to agree on which of the following doctrines should be applied:

(1) The inspection of documents can only be performed under Federal Rule 34, compelling the demonstration of "just cause" as a previous condition. *Allmont* v. *United States*, 177 F.2d 971 (3d Cir. 1949); *Webster Motor Car Co.* v. *Packard Motor Car. Co.*, 16 F.R.D. 350 (D.D.C. 1954); *Du Pont de Nemours & Co.* v. *Phillips Petroleum Co.*, 23 F.R.D. 237 (D. Del. 1959); (2) As to an interrogatory under Federal Rule 33, the delivery of *copies* of the depositions of witnesses can be required, although not the original drafts of said documents. *DeBruce* v. *Pennsylvania R. Co.*, 6 F.R.D. 403 (E.D. Pa. 1947); *O'Neill* v. *United States*, 79 Fed. Supp. 827 (E.D. Pa. 1948); *Hayman* v. *Pullman Co.*, 8 F.R.D. 238 (N.D. Ohio 1948); (3) Together with an interrogatory, the interrogated party can be compelled to deliver copies of certain documents, if "just cause" is shown as required for the inspection of documents in Federal Rule 34. *Hesch* v. *Erie R. Co.*, 14 F.R.D. 518 (N.D. Ohio 1952); *Maddox* v. *Right*, 11 F.R.D. 170 (D.D.C. 1951); *Alfred Pearson & Co.* v. *Hayes*, 9 F.R.D. 210 (S.D.N.Y. 1949). Furthermore, Rule 31 of the Rules of Civil Procedure of 1958 eliminates the requisite of "just cause" as a previous condition to request the inspection of documents, even when the examination, copy, or photograph of *the original document* is desired. Rule 31 in this last case only requires an order of the court specifying the date, place, and manner of making the inspection. But if *"copies"* of affidavits are required under the interrogatory rule (as in this case), it is not necessary to show "just cause" or to obtain an order from the court to furnish them, whenever they are relevant and refer to non-privileged matter. Of course, as expressly provided in Rule 30 in force, the Secretary of Labor can deliver copies of sworn statements or allow the defendant to examine and copy the same.

There is no doubt that the elimination of the requisite of just cause for the inspection of documents in Rule 31 did

not alter the limitations established in the *Hickman* case (329 U.S. 495), which are applicable to all discoveries related to the work of the lawyers in anticipation of the litigation or in preparation for trial. See Advisory Committee, Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the U.S. District Courts 27–32 (1954) and Tolman, *Discovery Under the Federal Rules: Production of Documents and the Work-Product of the Lawyer*, 58 Colum. L.Rev. 498 (1958). But the interrogating party need not make a previous showing of just cause, even if the interrogatory refers to the "work-product of the lawyer." Nowadays it is up to the interrogated party to allege and prove that it is neither just nor necessary to make him reveal the product of the work performed by his lawyers in anticipation of litigation or preparation for trial. *Cf.* Nordbye, *Comments on Proposed Amendments to Rules of Civil Procedure for the U.S. District Courts*, 18 F.R.D. 105 (1956). As the Secretary of Labor did not even raise the issue before the Superior Court that the sworn statements were a part of the "work-product of the lawyer," we must conclude that he waived that objection. Obviously, he could not raise it for the first time in this proceeding for review: there is no evidence in the record on this point and our function is confined to deciding whether the Superior Court abused its discretion in ordering that question No. 4 be answered.

The order of the Superior Court should be modified (1) to provide that the Secretary of Labor must answer all the questions contained in the interrogatory; and (2) to grant the Secretary of Labor, as to the sworn statements stated in question No. 4, the alternative of delivering copies thereof to the defendant or of permitting him to examine and copy them. With the order thus modified, the case is remanded to the trial court for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein.