### NATIONAL TRANSFORMER CORPORATION et al. v. FRANCE MFG. CO.
#### Civ. No. 24548.

United States District Court
N. D. Ohio, E. D.
Nov. 3, 1949.

F. O. Richey, Cleveland, Ohio, Samuel E. Darby, Jr., New York City, for plaintiff.

Bates, Teare & McBean, Cleveland, Ohio (Spl.Appr.), Albert R. Teare, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for specific performance of a license agreement, for a declaratory

judgment as to whether said license has been cancelled and for infringement of certain patents if the license has been cancelled.

Defendant has served interrogatories and supplemental interrogatories on plaintiffs. Plaintiffs object to Interrogatory No. 9 and defendant has filed a brief in opposition to plaintiffs' objection. Defendant also has moved that plaintiffs be required to answer supplemental Interrogatory No. 5 as propounded.

■ Plaintiffs' objection to Interrogatory No. 9 is based on privilege and lack of relevancy. Rule 15 of the Rules of Practice, 35 U.S.C.A., Appendix, provides that patent applications shall be kept in secret unless authority to disclose is given by the person who filed the application. However, the Rules of Discovery are to be interpreted liberally so that evidence may be made available to all the parties in the action. This interpretation results in a holding that patent applications are not privileged material when they are connected with pending litigation. Support for this position may be found in Walker on Patents, Deller's Edition, pages 825-27 and cases cited therein.

■ It is sufficient to say that the material sought is reasonably calculated to lead to the discovery of admissible evidence and therefore the objection of lack of relevancy is unfounded.

1. Plaintiffs' objection will be overruled.

In supplementary Interrogatory No. 5 defendant asked how, if at all, the purchaser of a transformer unit from a licensee obtained the right to use the system of patents in suit. Plaintiffs answered that no such license had ever been given and no purchaser has ever requested one. Defendant moves that No. 5 be answered as propounded. Plaintiff contends that No. 5 calls for an interpretation of a contract and for legal conclusions.

■ Objections of the sort that plaintiffs now make should be filed within ten days of the serving of the interrogatories. Plaintiffs have chosen to answer Interrogatory No. 5 and have waived any right they had to object. The only defense that plaintiffs now have is that they have given a sufficient answer to No. 5. Plaintiffs' answer to No. 5 is evasive and plaintiffs will be required to state whether the right to use the patented system is given to a purchaser and, if it is, how it is given.

2. Defendant's motion will be sustained.