**SECURITY MUTUAL CASUALTY COMPANY, a corporation, and Aetna Casualty and Surety Company of Hartford, Connecticut, a corporation, Plaintiffs,**

**v.**

**Sylvester RICH, doing business as Rich and Company, Defendant.**

**Civ. A. No. 12610.**

United States District Court
W. D. Pennsylvania.
Oct. 26, 1956.

John M. Reed, Pittsburgh, Pa., for plaintiffs.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

On October 24, 1956, defendant served on plaintiffs' counsel "Further Interrogatories." Plaintiffs filed objections. The parties have been heard at argument and briefs have been filed. This case has been before this court on a motion to dismiss. See Security Mutual Casualty Co. v. Rich, D.C., 16 F.R.D. 472.

The interrogatories numbered 9 to 16, inclusive, request information as to whether certain acts have been done by the Equitable Gas Company "within the past twelve months" with respect to the replacement of sections of the pipe line at a point 2,500 feet from the point of the alleged accident, the number of feet of pipe removed, the reason for such removal and details with respect to the condition and the place of manufacture of the pipe removed.

It is noticed that the interrogatories are addressed to the plaintiffs in the action. It is pointed out, however, that the information requested is with regard to removal and replacement of pipe and which by the interrogatories was done, if at all, by the Equitable Gas Company, which is not a party to the action.

Plaintiffs object to the interrogatories because the matters inquired about are not within the knowledge of the plaintiffs and any information of the plaintiffs as to the matters set forth in the interrogatories would have to be obtained from the Equitable Gas Company and would be hearsay. Further objection is made on the ground that the information requested is not relevant or material to any of the issues involved in the case. Also, plaintiffs point out that the information should be obtained from the Equitable Gas Company.

Defendant contends that there is no merit to plaintiffs' objection to defendant's seeking discovery from plaintiffs rather than from Equitable Gas Company. Defendant says it is no objection to interrogatories that they call for hearsay evidence, if it is probable that they will lead to the discovery of admissible evidence. Similarly, a corporation cannot avoid answering interrogatories by an allegation of ignorance if it can obtain the information sought from sources under its control, and in support of its theory that the interrogatories are proper, defendant cites Hornung v. Eastern Automobile Forwarding Co., D.C., 11

F.R.D. 300. Defendant contends also that plaintiffs in this case cannot avoid answering the interrogatories on the ground that they are not possessed of the information, because Equitable is their insured and therefore, says defendant, Equitable is bound to furnish the information upon which plaintiffs may answer. This court cannot agree with defendant's contention.

It is believed that plaintiffs' objections to the interrogatories propounded are well taken. The Equitable Gas Company is not a party to this litigation. Rule 33, Fed.Rules Civ.Proc., 28 U.S.C.A. is headed Interrogatories to Parties. It provides that: "Any party may serve upon any *adverse party* written interrogatories * * * who shall furnish such information as is available to the party. * * *" (Emphasis supplied.)

A brief reference to the factual background is appropriate at this point. In 1946, defendant Rich constructed a 16-inch welded pipe gas line which ran along an unnamed alley and across Pine Street in the Borough of Jefferson, Pennsylvania. Rich had a written agreement with Equitable Gas Company, which contained an indemnity provision which is mentioned in the decision of this court as above cited. Plaintiffs, as insurers of Equitable, paid as damages large sums of money as a result of a break in the gas line and a subsequent explosion which occurred on Febuary 7, 1951. Plaintiffs' cause of action in the instant case is based upon their allegation that the breaking of the pipe line occurred at a wrinkle bend at a street intersection and that the breaking of the pipe was caused by the negligent bending of the pipe or the making of the wrinkle bend. As noticed, the pipe was installed in 1946, the explosion occurred in 1951, and defendant in its present interrogatories seeks information as to replacement of pipe between October 1955 and October 1956. It is also to be observed that the interrogatories inquire as to the number of

feet of pipe removed, the distance thereof from the alleged point of accident, the date or dates when such sections were removed, the reasons for the removal and condition thereof. Further, the interrogatories inquire whether Equitable Gas Company had been compelled to install collars, sleeves or clamps on the pipe prior to the removal of sections of pipe at a distance of approximately 2,500 feet from the point of the accident. Also, inquiry is made as to how many collars, sleeves or clamps were placed on the welded pipe line. Inquiry is also made as to what markings or engravings were found on the pipe removed. Inquiry is made also as to whether the pipe sections removed were made by and purchased from a certain manufacturer. Inquiry is also made as to whether the sections removed were made by the manufacturer who made the sections of pipe alleged to have been involved in the explosion. And lastly, inquiry is made as to whether or not the pipe along the street, including the sections removed, was pipe of the same manufacturer and if so whether the pipe was purchased by Equitable at the same time and from the same source as the pipe involved in the explosion.

An examination of the interrogatories makes it at once apparent that defendant seeks information in considerable detail as to what Equitable may have done with regard to the pipe line some four years after the accident. It is certainly correct, as contended by defendant, that a corporation cannot avoid answering an interrogatory by an allegation of ignorance if it can obtain the information from sources under its control. Hornung v. Eastern Automobile Forwarding Co., supra. Defendant asserts in the instant matter that Equitable is plaintiffs' insured and therefore plaintiffs can secure the information, as Equitable is bound to make such information available to plaintiffs. However, it is not believed that such a conclusion follows from what appears from the pleadings and arguments in this case up to the present time.

Equitable is certainly bound to furnish plaintiffs all factual information relating to the events preceding the damages resulting by reason of the explosion. However, there is nothing to show that plaintiffs and Equitable have any contractual relationship continuing beyond the cause of action mentioned in plaintiffs' complaint. Whether or not the information sought is material and relevant and the proper subject of inquiry under Rule 26 is not passed upon in the instant decision. The ruling here is based upon the court's view that the interrogatories here are not addressed to an adverse party as required by Rule 33. It is not within the spirit of Rule 33 to require a corporation officer or agent to answer under oath interrogatories calling for the detailed information inquired of in the present interrogatories, which is not in the possession of the plaintiffs. It seems to this court that the interrogatories as propounded by defendant in the instant case furnish a good illustration of the reasons why Rule 33 restricts interrogatories to an adverse party. A party is bound by an answer to an interrogatory. It may be introduced in evidence if otherwise admissible. In the instant case it is apparent that the interrogatories seek a mass of detail as to Equitable's operation of the pipe line subsequent to the accident. Defendant inquires about sleeves and collars, distances, where the pipe was purchased and whether the pipe replaced was from the same manufacturer who furnished the pipe in the first instance. Such information, if answered by plaintiffs, based on information furnished by Equitable would not be admissible. On the other hand, the same information furnished by Equitable directly by oral deposition of its officers or employees or by witnesses on the stand might very well be admissible. The information sought from plaintiffs can be furnished by Equitable. The discovery process is not entirely restricted to adverse parties, but as Professor Moore says, "Interrogatories may be served on-

ly upon an 'adverse party.'" Moore's Federal Practice, Vol. 4, Sec. 33.06. See also C. F. Simonin's Sons, Inc., v. American Can Co., D.C.E.D.Pa., 26 F.Supp. 420, 421.

Plaintiffs' objections to the interrogatories will be sustained.