Molly E. BOHLIN and John H. Bohlin,
Plaintiffs,

v.

The BRASS RAIL, Inc., Defendant.

United States District Court
S. D. New York.

Jan. 10, 1957.

Robert Hill Nix, New York City, for plaintiffs.

Ralph Ader, Brooklyn, N. Y., for defendant.

BRYAN, District Judge.

Defendant moves pursuant to Rule 37, Fed.Rules Civ.Proc., 28 U.S.C.A., to compel the plaintiffs to answer certain interrogatories propounded by defendant, and for further relief in the event plaintiffs fail to do so.

Defendant served 21 interrogatories on the plaintiffs on August 11, 1956, requiring answers within 15 days as provided by Rule 33, F.R.C.P. No objections were served by plaintiffs to any of the interrogatories within the ten days

provided by Rule 33, or indeed at any time, nor was any application made to enlarge the time within which answers should be made. On October 3, 1956 plaintiff served its answers to the interrogatories. All interrogatories were answered except Nos. 9 and 19 which were answered only in part, and interrogatories 17 and 18 which plaintiffs refused to answer at all.

Interrogatory No. 9 required plaintiffs to give copies or photostats of medical records in connection with the injuries sustained "whether a record of a doctor or doctors, hospital or hospitals". As to this interrogatory plaintiff stated she was not treated in a hospital and that a request for "record of a doctor or doctors is improper and is refused".

Interrogatory No. 17 required plaintiffs to state whether they had any written statements signed by the defendant, its agents, servants or employees, and, if so, to state the contents of such statements verbatim or set forth a photostat. Interrogatory No. 18 required plaintiff to state whether it had any photographs of the site of the accident, to specify when and by whom they were taken, and to furnish copies. Plaintiffs' answers stated that items 17 and 18 "are improper and are refused".

Interrogatory No. 19 required a statement as to any physical defects of plaintiff prior to the occurrence, the nature of such defects, the length of time they existed prior to the accident, and the manner in which plaintiff received them. In answer to this item plaintiff stated that she suffered from nervous tension prior to the accident which was aggravated thereby. She gave none of the other details called for.

The provisions of Rule 33 that a party may serve written objections to interrogatories, together with a notice of hearing of the objections, within ten days after service, was ignored by the plaintiffs. They did not answer the interrogatories within the 15 days as required by the rule, or make any effort to have their time enlarged by order. They now seek to raise objections to two of the items in toto, and one of the items in part, by stating such objections in their answers which were served some 50 days after the interrogatories were propounded.

It is true, as plaintiffs claim, that the copies of reports, records, statements and photographs should be sought by motion for discovery and inspection under Rule 34 upon good cause shown rather than by interrogatories under Rule 33. There is also at least a substantial question as to whether the reports of physicians who examined plaintiff could be obtained by a motion under Rule 34, and whether the procedure prescribed by Rule 35 would not have to be followed. Cf. Sher v. DeHaven, 91 U.S. App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937; Munzer v. Swedish American Line, D.C.S.D.N.Y., 35 F.Supp. 493. Nor would defendant have been entitled to statements of witnesses made to plaintiffs' attorney which are called for by item 17 without special reason being shown. Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 91 L.Ed. 451.

Nevertheless, if the provisions of Rule 33 relating to the service of objections are to be given any effect or meaning, the failure to serve such objections within the time prescribed by the rule should be considered as a waiver of such objections. Cf. 4 Moore, Federal Practice p. 2335; Cary v. Hardy, D.C.E.D. Tenn., 1 F.R.D. 355. As to items which could normally be procured by a motion under Rule 34, the failure to make timely objection to the plaintiff's interrogatories which seek the same relief constitutes a waiver by plaintiff of technical objections thereto, and the defendant by reason of such waiver is entitled to have such interrogatories answered.

I am not prepared, however, to hold that the failure to file objections to interrogatories constitutes a waiver of either the privilege which plaintiff may have as to reports of his own physician

or as to statements of witnesses which have been obtained by his counsel in the course of preparation for trial to which defendant would not be entitled under the rule of Hickman v. Taylor.

Plaintiff therefore will not be directed to comply with that portion of interrogatory 9 which requires her to supply the defendant with copies of reports and records of her own physicians, nor with the portion of interrogatory 17 which requires directly or by implication disclosure of statements of witnesses which were obtained by plaintiff's attorney in the course of preparation for trial and are his work product.

However, plaintiff is directed to give all other information required by interrogatories 17 and 18 and to complete the answer to interrogatory 19 which has been incompletely answered. Such answers will be given within 15 days of the date of the order to be entered on this motion.

The motion is granted to the extent indicated. Settle order on notice.