**CARDOX CORPORATION, Plaintiff,**

v.

**OLIN MATHIESON CHEMICAL COR-PORATION, Defendant.**

Civ. A. No. 2413.

United States District Court
S. D. Illinois, S. D.
Nov. 28, 1958.

Haight, Lockwood & Simmons, Chicago, Ill., Brown Hay & Stephens, Springfield, Ill., for plaintiff.

John H. Sunderland, St. Louis, Mo., for defendant.

MERCER, Chief Judge.

This cause arose upon plaintiff's complaint charging defendant with infringement of Hesson Patent No. 2,794,395. Defendant answered, and filed a counterclaim averring infringement by plaintiff of Letters Patent Nos. 2,527,291, 2,750,-886 and 2,778,309, owned by defendant as assignee. In its reply to defendant's counterclaim, plaintiff alleged, inter alia, the invalidity of defendant's said patents.

Thereafter, on February 17, 1958, defendant propounded to plaintiff 12 interrogatories pursuant to the provisions of Federal Rules of Civil Procedure, Rule 33, 28 U.S.C.A. On July 24, 1958, plaintiff submitted written answers, purporting to answer said interrogatories. As a part of its said written answers, plaintiff declined to answer Interrogatory 9c, stating merely that it objected thereto for the reason that the subject matter thereof is privileged and irrelevant to the subject matter of the cause. A similar position was taken by plaintiff as to a part of Interrogatory 12.

The cause is now before the court upon defendant's motion, invoking the provisions of Federal Rules of Civil Pro-

cedure, Rule 37(d), 28 U.S.C.A., to strike plaintiff's complaint and for the entry of judgment against plaintiff on the counterclaim. In the alternative, defendant invokes the provisions of Rule 37(a) and moves the court for an order compelling plaintiff to answer the several interrogatories fully and requiring plaintiff to reimburse it for expenses and reasonable attorneys' fees incurred in the prosecution of this motion.

Insofar as its motion is predicated upon the provisions of paragraph (d) of Rule 37, defendant has misconstrued its remedy. That paragraph provides in pertinent part:

> "If a party or an officer or managing agent of a party wilfully fails * * * to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

■ Thus that paragraph is expressly restricted to a "wilful" failure to answer interrogatories, and the applicability of its remedies must, I think, be limited to situations in which there is a total refusal to respond. The Court of Appeals for the Sixth Circuit has defined "wilful failure", correctly, I think, as "any conscious and intentional failure" to comply with Rule 33. Brookdale Mill v. Rowley, 218 F.2d 728, 729; See, Milewski v. Schneider Transportation Company, 6 Cir., 238 F.2d 397.

Rule 37(d) should not be applied to the situation in this cause in which answers were served, even though certain of the said answers may be insufficient to satisfy the provisions of Rule 33 for the reason that they do not constitute full answers which that Rule requires, or for the further reason that the only answer served to certain of the interrogatories may only be an improperly raised objection thereto. Such non-compliance does not evidence the degree of conscious and intentional failure which would justify the drastic remedies of Rule 37(d).

There is merit, however, in defendant's alternative claim for relief under paragraph (a) of the Rule. The contentions in defendant's favor are in two categories: First, it is said that plaintiff has not fully answered Interrogatories numbered 1, 3b, 3c, 4 and 12; and, second, it is said that plaintiff failed entirely to answer Interrogatory 9c.

■■ Here, as with all questions of interpretation of the discovery rules of the Federal Rules of Civil Procedure, the keystone to decisions is the discretion of the trial judge, tempered by the axiom that those rules should receive a liberal construction to achieve the maximum degree of disclosure which can be compelled without doing injustice. " 'Unless, under the circumstances of any particular case, the Court is satisfied that the administration of justice will be in some way impeded,' " discovery under Rule 33 should be granted when asked. Hickman v. Taylor, 3 Cir., 153 F.2d 212, 216, affirmed 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

Rule 33 requires, inter alia, that written interrogatories "shall be answered separately and fully in writing under oath" and that said answers be served upon the submitting party "within 15 days after service of the interrogatories", unless, within "10 days after service of interrogatories" written objection thereto, together with notice of hearing thereon, is served upon the submitting party.

■ With this background, each of the challenged answers is hereinafter separately examined in the light of Rule 33 and the above principles guiding the application thereof.

Interrogatory 1, in pertinent part, reads as follows:

> " * * * identify (by name and last known address) the 'persons' who are 'prior inventors' and the 'persons and companies' who have 'prior knowledge' of or who have

'previously used or offered for sale the inventions' of Patents 2,527,291, 2,750,886 and 2,778,309, as alleged by Plaintiff in Paragraphs 10a and 10b of the Reply to Counterclaim."

Plaintiff answered, giving the names and addresses of persons alleged to be prior inventors and persons and companies who have prior knowledge and who have previously used or offered for sale the "subject matter of" Letters Patent No. 2,778,309. Further, in purported answer, plaintiff replied:

"As presently advised, plaintiff alleges that the patentees and authors of the above patents and publications, [named and listed in answer to the first sentence of Interrogatory 1, which is omitted from the above quotation from said Interrogatory], their employers and others, are persons and companies who have had prior knowledge of, or who have previously used or offered for sale the subject matters of the respective Letters Patent as above."

The quoted portion of the answer to said interrogatory falls far short of the full response which Rule 33 requires. Either plaintiff had knowledge of prior inventors or users of the subject of said patents, or it had none. In either event, Rule 33 requires it to state its case fully.

Interrogatories 3 and 4 are interrelated and their text is as follows:

"3. Was Plaintiff aware, prior to October 21, 1952, that a cartridge of the type now alleged to infringe the Hesson Patent No. 2,794,395 was being offered to the trade by:

"a. Armstrong Coalbreak Company, Benton Harbor, Michigan;

"b. Covel Mfg. Co., Benton Harbor, Michigan;

"c. Any other person, firm or corporation.

"4. If the answer to section c of Interrogatory 3 is other than a categorical negative, give the names and addresses of all such persons, firms and corporations."

Plaintiff's answers read as follows:

"3a. No. Plaintiff had information prior to October 21, 1952 of a cartridge being used which it suspected might be of a construction embodying the invention of plaintiff's ownership as to which a patent application had been filed and upon which the Hesson et al patent No. 2,794,395 was later granted. Plaintiff had no actual knowledge of the construction of such cartridge. Plaintiff was aware that the cartridge above referred to was called the 'Armstrong' cartridge but had no actual knowledge as to its manufacture or whether it was being offered to the trade.

"3b. See Answer 3a.

"3c. See Answer 3a.

"4. See Answer 3a."

Obviously, the purported answers to Interrogatories 3b, 3c and 4 are so grossly inadequate as to constitute no answers at all. Section 3b referred to plaintiff's knowledge of activities of Covel Mfg. Co. on a named date; section 3c referred to plaintiff's knowledge of the activities of other persons or firms, not specifically named by defendant, on the same date; and Interrogatory 4 sought the names and addresses of such other persons or firms, if any. Defendant accurately observed that "You can 'See Answer 3a' all day long without knowing whether or not plaintiff was aware, prior to October 21, 1952, that a cartridge of the type now alleged to infringe the Hesson patent No. 2,794,395 was being offered to the trade by Covel Mfg. Co., or any other person, firm or corporation, other than Armstrong Coalbreak Company."

Plaintiff answered propounded Interrogatory 9c by stating an objection thereto. This, defendant contends, is no answer at all and an invalid objection because it is not raised in conformity

with the procedure established by Rule 33.

The Interrogatory, and plaintiff's answer thereto, respectively, read as follows:

"c. Has Plaintiff or anyone in its behalf filed a patent application disclosing the feature of construction referred to in Interrogatory 8?

"9c. Interrogatory 9c is objected to as calling for privileged matter, and further matter irrelevant to the subject matter involved in the pending action."

■ In its memorandum in opposition to defendant's motion plaintiff contends that the matter sought to be discovered by Interrogatory 9c is privileged under the provisions of 35 U.S.C.A. § 122. That contention is not well taken. The cited Section of the Patent Code provides only that patent applications shall be kept confidential by the Patent Office, and no information concerning the same shall be divulged except under special circumstances as therein set forth. Even if it be assumed, however, that that Section creates a privilege against compelled disclosure by the patent applicant himself of the contents of his application, the privilege does not extend to a disclosure of the fact of his having filed, or having not filed, an application relating to a particular subject matter. The claim of privilege is not well founded.

With respect to Interrogatory 9c, a further question is presented, namely, whether objections to interrogatories are properly made in the manner here attempted as a part of the answers to a set of interrogatories as a whole.

■ The procedure for objection contemplated by the framers of the Federal Rules is clearly spelled out in Rule 33. A party upon whom interrogatories have been served may answer them, or, if he has an objection to one or more of the interrogatories, he may, within 10 days after the interrogatories are served upon him, "serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined."

Here, by stipulation, plaintiff's objection could have been timely made at the time its answers were filed. However timely this objection, I think the decision of the court should be that objections are waived by attempting to make them in the manner here attempted.

Rule 33 establishes a method of making objections, including provisions for notice and hearing thereon, and an orderly procedure for the disposition of the same. Above all, the Rule contemplates that all objections will first be submitted to the court for its consideration and decision. Here the court is faced with a unilateral determination by plaintiff that it need not answer this Interrogatory for the reason that plaintiff has determined that the Interrogatory is subject to objection. The court should not now have to backtrack the proceeding past the answers and determine, after the fact, if that unilateral determination was correct. The best interests of parties litigant and of the court are served if all parties are held to strict account in their compliance with established and orderly procedures.

For the foregoing reasons, I conclude that the attempted objection to Interrogatory 9c is not properly presented and is waived.

Plaintiff now expressly waives a similar objection attempted to be made to a part of Interrogatory 12 and agrees to submit an answer thereto.

The motion, insofar as it prays dismissal of plaintiff's complaint and summary judgment for defendant is overruled. Plaintiff is hereby directed to answer fully Interrogatories numbered 1, 3b, 3c, 4, 9c and 12 within 20 days.

The court is of the further opinion that justice does not require the award of expenses and attorneys' fees under the circumstances and the motion for such award is overruled.