John L. BAXTER, Guardian of the Estate of Carol Tillmann

v.

Edward Hoge VICK, M. D.

and

Clarence C. Briscoe, M. D.

and

Lankenau Hospital.

Civ. A. No. 26817.

United States District Court
E. D. Pennsylvania.

April 18, 1960.

**230**

James E. Beasley, Beasley & Ornsteen, Philadelphia, Pa., for plaintiff.

Jan E. DuBois, White & Williams, Philadelphia, Pa., for defendant, Lankenau Hospital.

EGAN, District Judge.

■ This is a malpractice suit by a minor's guardian against two physicians and the Lankenau Hospital. Jurisdic-tion is by diversity of citizenship. In its answer defendant hospital raised the charitable immunity defense, which is a valid defense under Pennsylvania law.[1] Plaintiff then served upon the hospital one interrogatory, as follows:

"1. Does the liability insurance policy carried by the Lankenau Hospital contain a provision that in any law suit wherein the hospital is a defendant, the defense of its immunity as a charitable institution shall not be pleaded without its consent? If so, was such consent given in the present suit, and if such consent was given:

"(a) What is the name, address and title of the officer or agent of the Lankenau Hospital who consented to pleading the defense in the present case?

"(b) What is the date on which such consent was given?

"(c) Was the consent given in writing? If so, identify it and give the name and address of the person having possession of the writing."

Within three days the hospital served its "answer" to the interrogatory, as follows: "Not answered under advice of counsel."

Plaintiff now moves for an order to compel the hospital to answer the interrogatory. The parties filed briefs and made oral argument.

Federal Rule of Civil Procedure, rule 33, 28 U.S.C.A., provides:

"* * * The interrogatories shall be answered separately and fully in writing under oath * *. Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. * * *"

■ Defendant says that the language of the rule is permissive and that

---

1. Siidekum v. Animal Rescue League, 1946, 353 Pa. 408, 45 A.2d 59.

objections to interrogatories may be raised by other methods than that mentioned in the rule, *e. g.*, by timely service of a written refusal to answer, which "was intended to put plaintiff on notice that an objection was made to the interrogatory and * * * should * * be treated as the equivalent of an objection." Defendant now resists plaintiff's motion on the ground that the insurance policy is irrelevant to the matters in issue and that the policy is privileged. Plaintiff contends that any such objections were waived by defendant's failure to follow the procedure set forth in Rule 33.

The question whether failure to follow the procedure outlined in Rule 33 acts as a waiver of objections to interrogatories has been considered by a number of Federal Courts.

In Cardox Corp. v. Olin Mathieson Chemical Corp., D.C.S.D.Ill.1958, 23 F.R.D. 27, 31, plaintiff filed answers to various interrogatories. One of the answers read as follows:

> "9c. Interrogatory 9c is objected to as calling for privileged matter, and further matter irrelevant to the subject matter involved in the pending action."

On defendant's motion, the Court ordered plaintiff to answer the interrogatory. The Court said that the information requested (whether plaintiff had filed a certain patent application) was not privileged, and then added that failure to observe the procedure for written objections set forth in Rule 33 was a waiver of the objection:[2]

> " * * * I think the decision of the court should be that objections are waived by attempting to make them in the manner here attempted.

2. In response to a comment made in the defendant hospital's brief, it should be noted that while the plaintiff's answers in the Cardox case were filed five months after the interrogatories were served the court expressly stated that a proper objec-

> "Rule 33 establishes a method of making objections, including provisions for notice and hearing thereon, and an orderly procedure for the disposition of the same. Above all, the Rule contemplates that all objections will first be submitted to the court for its consideration and decision. Here the court is faced with a unilateral determination by plaintiff that it need not answer this Interrogatory for the reason that plaintiff has determined that the Interrogatory is subject to objection. The court should not now have to backtrack the proceeding past the answers and determine, after the fact, if that unilateral determination was correct. The best interests of parties litigant and of the court are served if all parties are held to strict account in their compliance with established and orderly procedures." Id., 23 F.R.D. at page 31.

In National Transformer Corp. v. France Mfg. Co., D.C.N.D.Ohio 1949, 9 F.R.D. 606, defendant's interrogatory asked how the purchaser of a unit from a licensee obtained the right to use the patents. Plaintiffs' answer was that no such license had ever been given or asked. Defendant moved to compel a more responsive answer. Plaintiffs argued that the question called for contract interpretation and legal conclusions. The Court granted the motion, holding that such objections should have been filed within ten days of the serving of the interrogatories.

> "Plaintiffs have chosen to answer Interrogatory No. 5 and have waived any right they had to object. The only defense that plaintiffs now have is that they have given a sufficient answer to No. 5." Id., 9 F.R.D. at page 607.

tion made at that time would have been timely. 23 F.R.D. at page 31. Further, the defendant's statement that the portion of the opinion dealing with waiver is "nothing more than dictum" seems unjustified.

In Bohlin v. Brass Rail, Inc., D.C.S.D. N.Y.1957, 20 F.R.D. 224, 225, defendant served 21 interrogatories on the plaintiff. Plaintiff answered all of them, except that two were answered in part and as to two others plaintiff said that they "are improper and are refused." One interrogatory asked plaintiff to give copies of medical records, whether of doctors or of hospitals, concerning the injuries in suit. The answer was that plaintiff had not been treated in a hospital and that the request for doctors' records "is improper and is refused."

Another interrogatory asked for a statement of any physical defects of plaintiff prior to the accident, and full details about them. The answer was that plaintiff prior to the accident had suffered from nervous tension which was aggravated by the accident. The requested details were not supplied.

The two interrogatories that were refused asked plaintiff to state whether she had any written statements signed by defendant's employees and, if so, to state the contents verbatim; and to state whether she had any photographs of the scene of the accident and, if so, to furnish copies.

Defendant moved for an order to compel answers to all four interrogatories. The Court said:

"if the provisions of Rule 33 * * are to be given any effect or meaning, the failure to serve such objections within the time prescribed by the rule should be considered as a waiver of such objections." Id., 20 F.R.D. at page 225.

The Court held that although copies of records, statements, and photographs should be sought by motion under Rule 34 upon good cause shown, and not by interrogatories under Rule 33, the failure of plaintiff to make timely objection to the interrogatories in accordance with the procedure set out in Rule 33 amounted to a waiver of technical objections to the interrogatories. The Court was unwilling to hold that the failure to serve objections was a waiver of any privilege plaintiff might have as to reports of her own physician or as to statements of witnesses which might constitute the work product of plaintiff's attorney. The Court ordered plaintiff to answer the interrogatories except to the extent that the information was so privileged.

In Cleminshaw v. Beech Aircraft Corp., D.C.D.Del.1957, 21 F.R.D. 300, 301, a suit by plaintiff individually and as trustee for her deceased husband's estate, plaintiff's response to nine interrogatories was "No personal knowledge." Defendant moved to compel answers. The Court held first that one suing in a representative capacity may not confine replies to personal knowledge. As to objections raised by plaintiff to the interrogatories, the Court said that it was "in accord with the line of authority holding that unless a timely objection is asserted, a litigant is precluded from thereafter testing the propriety of the information sought." The Court added that any harsh results of such a rule could be relieved (by motion under Rule 30(b) or Rule 6(b)) in appropriate cases upon a showing that the failure to observe the procedure set out in Rule 33 was the product of excusable neglect. The Court went on to say, however, citing Bohlin v. Brass Rail, Inc., supra, that there are some matters "which are palpably outside the scope of preliminary inquiry and need not be disclosed during the discovery stages notwithstanding the failure of counsel to assert a timely objection." For this reason the Court ruled that plaintiff did not have to reply to an interrogatory asking whether she relied on the doctrine of res ipsa loquitur, since the answer would represent the work product of her attorney. The Court required answers to the other interrogatories.

Defendant hospital correctly cites Rush v. Butler Fair, 17 Pa.Dist. & Co.R. 2d 250 (C. P. Butler Co. 1958), for the proposition that failure to file written objections to interrogatories is not a waiv-

er of objections. But in that case the Court went on to say:

"We recognize that the Federal Courts have adhered to the opposite view in construing similar language in the Federal Rules." Id. at 254–255.

This Court agrees with plaintiff that defendant has waived its objection to this interrogatory. We feel that the permissiveness of the language of Rule 33 is simply that the party has the choice of answering the interrogatory or of making objection in the manner set forth in the rule. We subscribe to the reasoning of Cardox Corp. v. Olin Mathieson Chemical Corp., supra, quoted above.

■ The argument that the hospital's "answer" to the interrogatory should be treated as an objection is without merit. First of all, we are unwilling to consider a bare *refusal* (which is all defendant's "answer" is) to answer an interrogatory as an objection to the interrogatory. Secondly, if it were treated as an objection, it would cast the burden on the other party to move the Court to overrule it. We feel that this is contrary to the intent of the rule, which is that the party resisting the discovery has the burden of initiating a ruling from the Court by serving objections with a notice of hearing.

■ Although we have determined that defendant has waived its objections to the interrogatory, we would hesitate to enforce this waiver if we felt that it would cast an undue burden on defendant or otherwise would be contrary to the interests of justice. See Cleminshaw v. Beech Aircraft Corp., supra, and Bohlin v. Brass Rail, Inc., supra.

We can see no such problems in this case. The question is simple enough to answer. It does not involve the work product of counsel or any matter privileged by the attorney-client relationship. Whether the information revealed by the answer is competent in the determination of the issues of this case is another mat-

ter. That will be decided if and when plaintiff tries to use the information. But, for the present, we hold that defendant has waived its objections to the interrogatory and must answer it.