**LEVATINO COMPANY, Inc., Libelant,**

v.

**AMERICAN PRESIDENT LINES, LTD., Respondent.**

United States District Court
S. D. New York.

Sept. 17, 1962.

Bigham, Englar, Jones & Houston, New York City, for libelant.

Symmers, Fish & Warner, New York City, for respondent.

COOPER, District Judge.

Respondent moves for an order pursuant to Admiralty Rules 31 and 32C of the Supreme Court of the United States requiring libelant to file further answers to respondent's interrogatories 12(c), 24(b), 24(e) and 24(f) on the grounds that the answers served were inadequate, incomplete and evasive.

Evidently, libelant labors under the assumption that the knowledge of its agents is not its knowledge. This is wrong. A party cannot avoid answering an interrogatory if he can obtain the information from agents, from persons who have acted in his behalf, or from sources under his control. See Bank of Greece v. Goulandris Bros., 134 F.Supp. 475 (S.D.N.Y.1955); 4 Moore's Federal Practice ¶33.26 (2nd Edition, 1950).

The supporting affidavit indicates that the information requested of libelant is within the knowledge of agent of libelant or of persons who acted in its behalf. The Court finds that the answers of libelant to these interrogatories are inadequate and insufficient and that libelant should be required to supply further answers.

Accordingly, the motion is granted in its entirety and libelant is directed to

serve within 60 days from the date of this decision, further verified answers to the interrogatories listed in the motion papers which will specifically and definitely answer the interrogatories to the extent of any knowledge of libelant, its agents, employees, or persons acting in its behalf.

So ordered.