FIREMEN'S MUTUAL INSURANCE COMPANY, Plaintiff,

v.

ERIE-LACKAWANNA RAILROAD COMPANY, Defendant.

Civ. A. No. C 63–169.

United States District Court
N. D. Ohio, E. D.

June 4, 1964.

Jones, Day, Cockley & Reavis, Cleveland, Ohio, Victor DeMarco and Patrick F. McCartan, Cleveland, Ohio, of counsel, for plaintiff.

Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, Robert M. Weh and Stanley A. Williams, Cleveland, Ohio, of counsel, for defendant.

GREEN, District Judge.

This action is brought by plaintiff as the assignee of the F. E. Myers & Bros. Company on a subrogated insurance claim.

It is alleged in plaintiff's complaint that on July 4, 1961 a train operated by defendant derailed at or near the Myers plant, as a consequence of which butane gas escaped creating a dangerous condition in the area. It thereby became necessary for the Myers Company to suspend operations for a three-day period, as a result of which it is alleged it sustained a loss of $35,780.00.

Plaintiff insurance company paid Myers the amount of its alleged loss, and now seeks recovery thereof as subrogee against defendant.

Defendant propounded a set of 86 interrogatories to plaintiff, as to the majority of which plaintiff responded. Plaintiff has entered objections to twelve of the said interrogatories. As to eight of the interrogatories, the objections are based on the substance of the interrogatories.

A novel question, however, is raised by the objection directed to ten of the interrogatories. The ground of objection is stated as:

"Plaintiff objects to Interrogatories Nos. 6, 9, 10, 11, 16, 17, 18, 19, 20 and 23 on the ground that said interrogatories seek information not within plaintiff's knowledge and not obtainable from sources within plaintiff's control."

In explanation of this objection plaintiff states:

"These interrogatories seek detailed information concerning the operation of the F. E. Myers & Bros. Company, which is *not* a party— much less an *adverse party*—to this proceeding."

Rule 33 of the Federal Rules of Civil Procedure provides:

"Any party may serve upon any *adverse party* written interrogatories to be answered by the party served * * *."

A body of authority has developed holding that, under the specific language of the Rule, interrogatories may not be directed to anyone other than an adverse party. 4 Moore's Federal Practice, § 33.06.

That rule, however, has grown out of cases involving interrogatories directed to officers of a defendant corporation, Holland v. Minneapolis-Honeywell Regulator Co., 28 F.R.D. 595 (D.C.D.C.1961), to a third party defendant, Piro v. Port Lines, Ltd., 22 F.R.D. 231 (D.C.E.D. N.Y., 1958) between co-defendants, Cook v. Kilgore Mfg. Co., (D.C.N.D.Ohio, 1954) and interrogatories directed at the affairs of subsidiary corporations where no issue is made by the pleadings regarding their activities, Stanzler v. Loew's Theatre & Realty Corp., 19 F.R.D. 286 (D.C.R.I., 1955).

This Court has been able to ascertain only one other case in which the exact question presented herein arose. Security Mutual Casualty Co. v. Rich & Co., 20 F.R.D. 112 (D.C.W.D.Pa., 1956). That decision will be more fully considered in the course of this opinion.

In this case plaintiff is before this Court seeking to recover for a wrong which was done to another. It is here asserting a cause of action which accrued to the F. E. Myers & Bros. Company and which plaintiff acquired by paying

to Myers its damage claim. Plaintiff is here standing in the shoes of the F. E. Myers & Bros. Company and will require the testimony of its insured-assignor in order to prove its claim.

It is this Court's opinion that under such circumstances plaintiff is obliged to secure such information from its assignor as it can, in order to make response to defendant's interrogatories.

In an action such as this, where the plaintiff is before the Court as the assignee of the party to whom the alleged wrong was done, it would be unusual for the plaintiff to have personal knowledge of all of the facts. To allow the plaintiff to take advantage of that circumstance would be to give it an advantage not intended or appropriate under the philosophy of the Federal Rules of Civil Procedure.

Rule One of the Federal Rules states as the purpose of the Rules:

"* * * They shall be construed to secure the just, speedy, and inexpensive determination of every action."

To allow plaintiff to be insulated from answering these interrogatories on the basis of lack of personal knowledge would not be in accord with the objective of the Rules.

It would not be just, in that plaintiff would be entitled to obtain from defendant information which the defendant might possess as to the operative facts of the action, whereas defendant would be denied the same opportunity of inquiry to the plaintiff. It does not appear critical to the Court that the response which plaintiff must make will be hearsay. That might be an objection to the admission into evidence of such responses, but hearsay has never been considered as a valid ground of objection to interrogatories.

Sustaining the objections on the stated ground would not promote the speedy and inexpensive determination of this action. If defendant cannot secure the requested information from and through the plaintiff, the other alternative is to take depositions of officers and employees of plaintiff's insured-assignor. That procedure most certainly would be more costly than the use of interrogatories.

As previously stated, only one other decision squarely in point has been cited by counsel or found by the Court, Security Mutual Casualty Co. v. Rich & Co., 20 F.R.D. 112 (D.C.W.D., Pa.1956). In that action, the plaintiff sued under a subrogated claim from a gas company, as a consequence of a break in a gasline and explosion which occurred in 1951.

Plaintiff contends that the Rich decision supports its position herein, and has quoted certain language therefrom, which, read out of context, would indicate that to be true. In the course of the Rich decision the District Court stated:

"Defendant contends also that plaintiffs in this case cannot avoid answering the interrogatories on the ground that they are not possessed of the information, because Equitable is their insured and therefore, says defendant, Equitable is bound to furnish the information upon which plaintiffs may answer. This court cannot agree with defendant's contention.

"It is believed that plaintiffs' objections to the interrogatories propounded are well taken. The Equitable Gas Company is not a party to this litigation." 20 F.R.D. at 113.

The foregoing statement, however, must be read in the light of the facts of the Rich case. In considering the interrogatories propounded therein the Court observed:

"As noticed, the pipe was installed in 1946, the explosion occurred in 1951, and defendant in its present interrogatories seeks information as to replacement of pipe between October 1955 and October 1956."

It is thus clear that the substance of the interrogatories was concerned with events which occurred a substantial time after the event upon which the plaintiffs' subrogated claim was based. This factor was the focal point of the Court's ruling sustaining plaintiffs' objection. This is seen in the following statements by the Court:

> "An examination of the interrogatories makes it at once apparent that defendant seeks information in considerable detail as to what Equitable may have done with regard to the pipeline some four years after the accident. *It is certainly correct, as contended by defendant, that a corporation cannot avoid answering an interrogatory by an allegation of ignorance if it can obtain the information from sources under its control. * * * Equitable is certainly bound to furnish plaintiffs all factual information relating to the events preceding the damages resulting by reason of the explosion.* However, there is nothing to show that plaintiffs and Equitable have any contractual relationship continuing beyond the cause of action mentioned in plaintiffs' complaint." 20 F.R.D. at 114 (Emphasis added).

The objection sustained by the Court was to "the interrogatories *as propounded* by the defendant in the instant case."

It is this Court's belief that the Rich decision supports the proposition that operative facts upon which suit is brought by an insurer-assignee may be explored by way of interrogatory by a defendant. The issue of discovery of events occurring after those which brought about the suit, which the Court in the Rich case found to be determinative, is not presented herein.

The objection raised by plaintiff that the information sought is not obtainable from sources within its control is put in serious doubt by the answers tendered by plaintiff to the other interrogatories. The information disclosed therein mainly related to matters of internal affairs of the Myers Company, and in many instances is more detailed than the responses called for by the interrogatories objected to.

The Court finds plaintiff's general objection not well taken, and will overrule the same.

Consideration will now be given to the interrogatories on an individual basis.

Defendant has agreed that interrogatory 6 is too broad, and the objection thereto will be sustained.

Interrogatory 9 is ordered answered to the extent of stating whether the products referred to in response to interrogatory 1 were manufactured, assembled or finished.

The objection to interrogatory 10 is overruled.

Interrogatory 11 shall be answered by stating the approximate time the procedures referred to in interrogatory 9 took to complete.

The objections to interrogatories 16, 17, 18, 19 and 20 are overruled.

The objection to interrogatory 23 is sustained, the same being considered too broad.

The objections to interrogatories 73 and 74 are sustained as being repititious of other interrogatories.

Plaintiff's objections to defendant's interrogatories 9, 10, 11, 16, 17, 18, 19 and 20 are overruled. Plaintiff's objections to defendant's interrogatories 6, 23, 73 and 74 are sustained.