**SKELTON & CO., Plaintiff,**

v.

**A. Phillip GOLDSMITH, Defendant.**

**No. 68 Civ. 1080.**

United States District Court,
S. D. New York.

June 24, 1969.

Blum, Haimoff, Gersen, Lipson & Szabad, New York City, for plaintiff; Thomas J. Andrews, of counsel.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant; Michael A. Cardozo, New York City, of counsel.

## MEMORANDUM

COOPER, District Judge.

Defendant moves for an order pursuant to Rule 37, F.R.Civ.P., directing plaintiff to give further answers to certain interrogatories served upon plaintiff as an adverse party pursuant to Rule 33, F.R.Civ.P.

### I

Interrogatory Nos. 7, 8, 13(b) (2), 14(a–c), 15(c), 16(a, b), 17(b, c), 19(a, b), 20, 20(b), 21, 22(a, b), 23 and 24 of the First Set and Interrogatory No. 9(a–c) of the Second Set are alleged to have been inadequately answered for the reason that plaintiff has failed to meet its obligation of securing information available to it from sources under its control. Plaintiff insists its answers are sufficient.

Rule 33, F.R.Civ.P., provides that a corporate party "shall furnish such information as is available to the party." (emphasis added). In construing this clause, it has been generally held that a corporate party cannot avoid answering an interrogatory if it can obtain the information from agents, from persons who have acted in its behalf, or from sources under its control. See Levatino Co. v. American President Lines, Ltd., 214 F.Supp. 96 (S.D.N.Y.1962); Greenbie v. Noble et al., 18 F.R.D. 414, 415 (S.D.N.Y.1955); 4 Moore, Federal Practice ¶33.26 at 2406–2410 (2d ed. 1966).

The stock option agreement sued upon is one between defendant and Marrud, Inc. Marrud filed a Petition in Reorganization under Chapter XI of the Bankruptcy Act in United States District Court for the District of Massachusetts in August of 1966. Pursuant to the Amended Plan of Arrangement in the Marrud reorganization proceedings and in June of 1967, plaintiff's principals, Marrud's two largest creditors, acquired all of the outstanding stock of D. W. Jewelry Co. (D.W.), previously an 80% controlled subsidiary of Marrud, Pursuant thereto, Marrud's assets, including the instant cause of action, were transferred to D.W. on July 12, 1967. Marrud remains in existence as a corporate shell having its own officers and directors.

On January 29, 1968 plaintiff's principals sold the stock of D.W. to Hatfield Enterprises, Inc. However, all of the Marrud assets of D.W., including the instant action, were retained and transferred to plaintiff, a nominee of these creditors. Plaintiff is thus suing as the assignee of an assignee.

The interrogatories in question sought information which could be obtained only from Marrud's books and records for the period 1960–1966. Plaintiff does not possess those books and records. Plaintiff avers in its answer to the First Set of Interrogatories that such information as is furnished in response to the interrogatories in issue was obtained from a former comptroller of Marrud, then in plaintiff's employ; further, that apart from this person, "there is no person under the control or direc-

tion of Skelton and Co. from whom the information requested in questions 7 through 24 could be obtained." Plaintiff's Answers to Interrogatories Propounded by Defendant, July 12, 1968, p. 2.

The former Marrud comptroller separately alleges that he did not have in his possession or available to him any of the relevant financial records at the time he furnished answers to the First Set, and that his answers of necessity were based solely upon memory. By the time the Second Set was propounded he was no longer in plaintiff's employ.

Plaintiff further asserts that it has made inquiry as to the whereabouts of the records and provides defendant with the information it has been able to obtain as to their present location. Plaintiff's affiant concludes, "I really do not know where they are and I have no way of finding out for sure." Affidavit of Thomas J. Andrews, March 26, 1969, p. 2.

From the foregoing it appears that plaintiff has exhausted the information obtainable from its agents or from persons who acted in its behalf and that neither plaintiff nor its principals ever held any relationship with Marrud other than as creditors thereof; they are not now, nor have they ever been, in control of Marrud, as a corporate entity.

Further, there is no suggestion of negligence on the part of the assignee in failing to obtain these records and no indication of any fraudulent intent motivating the assignment. Compare Heng Hsin Co. v. Stern, Morgenthau & Co., Inc., 20 F.R.Serv. 33.42, Case 2 (S.D.N.Y.1954).

Finally, defendant's reliance upon Fireman's Mutual Insurance Co. v. Erie-Lackawanna R. Co., 35 F.R.D. 297 (N.D.Ohio 1964) is misplaced. That decision was rendered in the context of an insurance company subrogee that refused to attempt to elicit information from its insured relating to the alleged wrong done the insured (whose testimony would be required for the insurance company to prove its case). Assuming *Firemen's Mutual* sound on its facts, we find its reasoning inapposite here where no close relationship such as that of insurer and insured exists between assignee and assignor.

Plaintiff's answers to these interrogatories are sufficient.

## II

Answers to Interrogatory Nos. 10 through 13 of the First Set are alleged to be insufficient in that plaintiff failed to recognize its obligation to answer questions insofar as information was available to it at the time.

Defendant appears to concede that plaintiff has truthfully answered Interrogatory Nos. 11 and 13 by responding that Marrud did not operate any department or any retail unit. Defendant argues, however, that plaintiff should have furnished defendant with relevant information as regards Marrud's corporate subsidiaries. Nothing prevents defendant from eliciting this information by means of properly framed interrogatories, assuming such information is available to plaintiff.

Plaintiff's answers to Interrogatory Nos. 10 and 12 are ambiguous in the light of its answer to Interrogatory No. 9. It is not altogether clear whether plaintiff lacks any copies of such balance sheets, profit and loss statements, and all other documents from which they were prepared, or whether it lacks only the original copies. Plaintiff is of course bound to furnish relevant information from whatever sources are available to it.[1] Work

---

[1]. We need not consider whether the research that may be called for is unduly burdensome, since plaintiff answered the interrogatories without interposing any objection and is now limited to a claim that his answer is sufficient. See Bohlin

sheets must be consulted, if available, to obtain the information separately requested for Marrud and its subsidiaries. Additionally, if the individual breakdowns requested are unavailable, whatever information prepared on a consolidated basis that plaintiff has available to it must be supplied.

Accordingly, defendant's motion to compel further answers to its interrogatories is denied, except as to Interrogatory Nos. 10 and 12 as to which the application is granted. Plaintiff is directed to serve within 30 days from the date of this decision further verified answers to Interrogatory Nos. 10 and 12. If plaintiff has no relevant information available to it, it shall so state.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.

v. Brass Rail Inc., 20 F.R.D. 224 (S.D. N.Y.1957); National Transformer Corp.

v. France Mfg. Co., 9 F.R.D. 606 (N.D. Ohio 1949).