HOOD, Judge.
We granted certiorari in this case to review an order of the trial court directing intervenor, Tri-State Insurance Company, to answer certain interrogatories propounded to it by two of the defendants.
The suit was filed originally by the widow and children of Diel Phillip Le-Blanc to recover damages for the alleged wrongful death of that decedent. It was instituted against several defendants, two of them being Ford Motor Company and Insurance Company of North America. Plaintiffs allege that LeBlanc was killed in a truck accident, and that the accident occurred as a consequence of the negligence of Ford Motor Company in defectively designing, manufacturing and assembling *82 the truck, or in using faulty and improper materials and designs in the manufacture and 'assembly of said vehicle.
The decedent was employed by the Police Jury of Vermilion Parish at the time of his death. Tri-State Insurance Company was the workmen’s compensation insurer of the Police Jury at that time, and it intervened in the suit demanding that out of the damages recovered by plaintiffs it be re-imbused the funeral expenses and compensation benefits which it had paid to plaintiffs. In its petition of intervention, Tri-State alleged that it is “subrogated” to the right of plaintiffs, that it has an interest in the outcome of this suit, and that it “reiterates and adopts all of the allegations of plaintiffs’ petition herein.”
The intervenor then propounded interrogatories to Ford Motor Company, most of which interrogatories were designed to elicit information as to whether there were defects in the design or manufacture of the truck which the decedent was driving when he was fatally injured. All of these interrogatories were answered by Ford.
After answering the above mentioned interrogatories, Ford Motor Company and Insurance Company of North America then propounded a total of 26 interrogatories to plaintiffs and to intervenor, Tri-State Insurance Company. Intervenor answered these interrogatories, but 21 of them were answered with the word “Unknown,” and one was answered “Not applicable.” Most of the interrogatories which were answered “Unknown” were inquiries as to what information plaintiffs and Tri-State have as to defects in the truck, in what respects those parties claim that the truck was defective or that Ford was negligent, when and by whom the vehicle was last inspected and greased, and the names and addresses of witnesses to the claimed defects or negligence.
Following the filing of these answers, and upon motion of Ford and Insurance Company of North America, a rule was issued by the trial court directing Tri-State to show cause why it should not answer all of the interrogatories, “furnishing the information in answer thereto which is within the knowledge of its agents, employees and representatives, its attorneys and its insureds, the Parish of Vermilion and the Police Jury of the Parish of Vermilion.” The minutes of the court show that after trial of that rule, “the court ordered Tri-State Insurance Company to answer the interrogatories.” We granted writs to review that order.
Relator, Tri-State, alleges and contends that in answer to the interrogatories propounded by Ford, it has “given all of the information that it has that has been requested,” that since Tri-State is only the compensation insurer of the Police Jury the information sought by Ford is not -available to it and is not material to Tri-State’s claim, and that in order to furnish that information intervenor “would be forced to initiate investigation that is neither required nor necessary for it to do in this matter.” Relator contends further that the information sought by Ford is -as readily available to mover as it is to Tri-State, and that the propounding of these interrogatories constitutes harassment of .interve-nor.
Ford and Insurance Company of North America contend that Tri-State as the insurer and subrogee of the Police Jury, stands in the shoes of the Police Jury. They argue that, in view of this insurer-insured relationship and the provisions of the insurance contract which exists between them, the information requested in these interrogatories is in the possession of intervenor’s insured and thus it is available to Tri-State, that intervenor by adopting the allegations of plaintiffs’ petition has affirmatively alleged negligence on the part of Ford as a basis for its demands, and that Ford is entitled to judgment ordering Tri-State to answer the interrogatories relating to its allegations of negligence.
Substantially the same question was presented in Firemen’s Mutual Insurance Company v. Erie-Lackawanna Railroad Com *83 pany, 35 F.R.D. 297 (N.D.Ohio, E.D. 1964). There, the plaintiff instituted a tort action as the assignee of F. E. Myers & Bros. Company on a subrogated insurance claim. Interrogatories were propounded to plaintiff by the defendant Railway Company, but plaintiff objected to answering some of them on the ground that they sought information concerning the operation of F. E. Myers & Bros. Company, which company was not a party to the suit. After trial, judgment was rendered requiring plaintiff “to secure such information from its assignor as it can, in order to make response to defendant’s interrogatories.” The court said:
“In this case plaintiff is before this Court seeking to recover for a wrong which was done to another. It is here asserting a cause of action which accrued to the F. E. Myers & Bros. Company and which plaintiff acquired by paying to Myers its damage claim. Plaintiff is here standing in the shoes of the F. E. Myers & Bros. Company and will require the testimony of its insured-assignor in order to prove its claim.
“It is this Court’s opinion that under such circumstances plaintiff is obliged to secure such information from its assign- or as it can, in order to make response to defendant’s interrogatories.
“In an action such as this, where the plaintiff is before the Court as the as-signee of the party to whom the alleged wrong was done, it would be unusual for the plaintiff to have personal knowledge of all of the facts. To allow the plaintiff to take advantage of that circumstance would be to give it an advantage not intended or appropriate under the philosophy of the Federal Rules of Civil Procedure.
* * * * * *
“To allow plaintiff to be insulated from answering these interrogatories on the basis of lack of personal knowledge would not be in accord with the obj ective of the Rules.
“It would not be just, in that plaintiff would be entitled to obtain from defendant information which the defendant might possess as to the operative facts of the action, whereas defendant would be denied the same opportunity of inquiry to the plaintiff. * * * ”
The cited case involved an interpretation of Rule 33 of the Federal Rules of Civil Procedure, whereas the interrogatories in the instant suit were propounded pursuant to the provisions of Article 1491 of the Louisiana Code of Civil Procedure. Article 1491 of the Louisiana Code, however, has as its source Rule 33 of the Federal Rules of Civil Procedure, and we thus consider the Firemen’s Mutual Insurance Company case to be pertinent and persuasive.
The intervenor in the instant suit has affirmatively alleged facts which, if proved, presumably will establish negligence on the part of Ford Motor Company. Pursuant to those allegations, intervenor will have the right to produce evidence at the trial to establish the facts alleged. The burden of proof rests as much on intervenor as it does on plaintiff to establish these alleged acts of negligence, if intervenor is to recover the amounts which it has paid out as compensation. Tri-State apparently intends to present some proof as to the negligence of defendants, since it has propounded interrogatories to Ford relating to the alleged defects in the truck which was involved in the accident.
As pointed out in the Firemen’s Mutual Insurance Company case, supra, it would not be just to permit the intervenor to obtain pertinent information from defendant Ford about defects in the truck, and at the same time deny Ford the right to obtain from intervenor the same type of information which is in the possession of Tri-State’s subrogor.
In the event the Police Jury had intervened in this suit instead of its insurer, *84 Tri-State, then Ford Motor Company would have had the right to propound substantially the same interrogatories to the Police Jury. If LSA-C.C.P. art. 1491 should be interpreted as contended by in-tervenor, the result would be that TriState, the subrogee, would be placed in a better position than its subrogor, the Police Jury, under the circumstances presented here. We do not think this article of the Code of Civil Procedure was intended to have that effect.
We are aware of the fact that inter-venor may have to rqake a more extensive investigation of the facts than it may have made heretofore in order to obtain the information requested. The fact that it must put forth some effort to obtain the answers, however, does not relieve it from the duty of making a bona fide effort to get and to supply Ford with the information requested. The same interrogatories were propounded to plaintiffs, and we assume that it was necessary for them also to make some additional effort or further investigation of the facts in order to provide the answers. Yet, plaintiffs ordinarily would not be relieved from the duty of providing the answers solely on the ground that it would be inconvenient or would require some effort for them to obtain the information which was available to them.
Our conclusion is that Tri-State, as the intervenor and subrogee of the Police Jury, is obliged to secure such information as it can from the subrogor, the Police Jury of Vermilion Parish, in order to make response to the interrogatories which were propounded to it by Ford Motor Company. We thus find no error in the judgment of the trial court ordering intervenor to answer those interrogatories.
For the reasons herein set out, the writs issued herein are recalled, the order of the trial court requiring intervenor to answer the interrogatories propounded to it is reinstated, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs incurred in connection with the application for and the disposition of these writs are assessed to intervenor-relator, Tri-State Insurance Company.
Writs recalled and case remanded.