INTERNATIONAL ASSOCIATION OF MACHINISTS, DISTRICT 169, etc., Plaintiff,

v.

AMANA REFRIGERATION, INC., Defendant.

No. CIV–4–77–43.

United States District Court, E. D. Tennessee, Winchester Division.

Sept. 29, 1978.

Cecil D. Branstetter, Branstetter, Moody & Kilgore and R. Jan Jennings, Nashville, Tenn., for plaintiff.

Norman A. Quandt and James C. Hoover, Elarbee, Clark & Paul, Atlanta, Ga. and Thomas O. Bagley, Stevens, Bagley & Stevens, Fayetteville, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action by 2 district lodges of the International Association of Machinists and such international labor organization to enforce the provisions of 2 awards of an arbitrator relating to the "no-report" rule of the defendant Amana Refrigeration, Inc. Currently before the Court is the motion of the defendant for an order imposing upon the plaintiff certain sanctions for the failure of the plaintiff to obey the order of this Court herein of July 28, 1978 to answer properly certain written interrogatories theretofore served upon it by the defendant. Rule 37(b)(2), Federal Rules of Civil Procedure. The defendant contends that the revised answers of the plaintiff to interrogatories nos. 4(e), (f), (g), (h) and (i) of May 24, 1978 are inadequate.

The Court disagrees with the defendant's contention as it pertains to such interrogatory no. 4(e); that interrogatory was answered properly in this Court's opinion. As to such interrogatory no. 4(e), therefore, all relief hereby is DENIED.

Such interrogatories nos. 4(f), (g), (h) and (i) have not been answered properly, however. As to these, the defendant is entitled to relief; the problem is what orders this Court can and should now make which " * * * are just. * * * "

■ It appears to the Court that the difficulty with which the plaintiff finds itself confronted may have emanated in its selection of an agent to answer these interrogatories. The plaintiff is an unincorpo-

**2**

rated labor organization. See pretrial order herein of June 28, 1978. Paraphrasing the language of this Court in a different context: the interrogatories were addressed to the unincorporated plaintiff. This labor organization acted vicariously of necessity, and the knowledge of all its officers and members was the knowledge of the labor organization. Notice of any fact acquired by one of its members while acting as an officer or member, concerning the business of the organization, was notice to the labor organization. In answering the interrogatories propounded to the labor organization, it was incumbent upon the organization to select an agent to answer them who could provide the information sought by the defendant. *Cf. Holt v. Southern Railway Company*, D.C.Tenn. (1969), 51 F.R.D. 296, 299–300[2, 3] (stating the rule with reference to corporations).

■ Rule 33(a), Federal Rules of Civil Procedure, requires the plaintiff, as an "* * * association, * * *" to answer "* * * by any officer or agent, who shall furnish such information as is available *to the party* [i. e., to the labor organization]. * * *" (Emphasis supplied.) *See General Dynamics Corp. v. Selb Manufacturing Co.*, C.A. 5th (1973), 481 F.2d 1204, 1210[1], certiorari denied (1974), 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116. The labor organization, as the party plaintiff herein, cannot avoid answering proper interrogatories served upon it by the defendant by saying the labor organization doesn't know the answer, when it can obtain the information sought from it from its members or other sources under its control. *Security Mutual Casualty Company v. Rich*, D.C.Pa. (1956), 20 F.R.D. 112, 113[1] (stating the same rule with reference to answers by corporations). In other words, the fact that an answer is unknown to the answering agent individually does not mean that it is not known to the plaintiff in this lawsuit; the answering agent must consult with other members of the organization who are in possession of the information sought to be discovered and then answer. *United States v. 58.16 Acres of Land, Etc., Clinton Cty, Ill.*, D.C.Ill. (1975), 66 F.R.D. 570, 572[3].

The plaintiff must disgorge to the defendant the discoverable facts in its possession. This Court is determined that it shall do so and will not hesitate to impose drastic sanctions upon the plaintiff to punish its failure so to do. At the same time, the Court, and, it may be assumed, the defendant, is more interested in the disgorgement of the information than in imposing penalties. The Court will give the plaintiff a third opportunity to answer the foregoing interrogatories.